CARLISLE & KEYSER, Appellants, *vs.* RAWLINGS *et al.*, Respondents.

1. The action of forcible entry and detainer does not abate by the death of one of the plaintiffs.

*Appeal from St. Louis Court of Common Pleas.*

*Todd & Krum,* for appellant. 1. Forcible entry and detainer being, in its nature, a mixed action, and one which, under the common law, would have admitted of summons and severance, it would not have abated by the death of one of the plaintiffs, if the common law still prevailed, for it would have been saved to the surviving plaintiff by the operation of the *jus accrescendi* of the common law. 1 Comyn's Digest, 126. Bacon's Ab. tit. Abatement, letter F. Gould's Pl. chap. 5, sec. 90, 91 and 92. Dunlap's Pr. 624. 2 Chitty, 41. 2. However the rule might be, if this case was subject to the common law, we insist that it survives to the surviving plaintiff by operation of the statutes of this state. Act of 1849, sec. 9, art. 3. It is clear that, under this statute, the death of a sole plaintiff in a mixed action would not abate the suit; for it might have been originally prosecuted by his personal representatives. This is the test, in determining what actions survive.

R. C. 1845, tit. Administration, sec. 25, art. 2. Gould's Pl. sec. 95, note 11, p. 268. If Carlisle & Keyser were regarded as *tenants in common*, one of them might have maintained forcible entry and detainer. 10 S. & M. 440. If one tenant in common may maintain such an action, it is not perceived why such a suit should abate by reason of the death of one of the plaintiffs, when two or more tenants in common sue. 3. The question, whether the suit abates on the death of one of the plaintiffs, is to be considered in all respects as if the suit had originally been instituted in the Circuit Court.

*R. M. Field*, for respondents. There was no error in entering judgment of abatement on the death of one of the plaintiffs. 1. The proceeding for a forcible entry and detainer is of a special character, regulated entirely by particular statutory provisions. The statute on the subject, consisting of seventy-two sections, contains a complete system of procedure, commencing with the complaint to a justice of the peace, and pointing out all the steps to be taken in the cause, until the final determination in the Supreme Court. R. C. 1845, tit. Forcible Entry. As the statute contains no provision for reviving or continuing the proceeding on the death of one of the plaintiffs, the case falls within the rule of the common law, that in " all actions, the death of one of several parties pending the suit abates the action, though the property survive to the other." 2 Wm. Saunders, 72, and note. See also, 19 Wend. 154. 2 Mass. 479. 12 Met. 501. 4 Gratt. 86. 9 Humph. 673. 10 Met. 294. 2. If the case were to be determined by the provision in the statute regulating practice at law, the result would be the same. This provision, which is a transcript of the English statute 8 and 9 Wm. III., c. 11, is in these words : " If there be two plaintiffs and one of them die before final judgment, the action shall not abate, *if the cause of action survive to the surviving plaintiff.*" The cause of action is threefold : 1. The force and strong hand with which the entry was made and for which the statute gives double dam-

age.   2. The rents accruing during the detainer, for which also the law gives a double compensation.   3. The withholding the possession which is redressed by restitution.   Now none of these go to the surviving plaintiff.   The first, being purely personal, die with the party.   The second belong partly to the executor and partly to the heir.   The third is to be rendered to the heir, unless the estate of the deceased be a term, and then it would go to the executor.

SCOTT, Judge, delivered the opinion of the court.

David Carlisle and Rufus Keyser instituted a proceeding of forcible entry and detainer against the respondents, before a justice of the peace, from whom the cause was taken by a *certiorari* to the Circuit Court, whence it was transferred by a change of venue to the Court of Common Pleas.   Pending the suit, David Carlisle, one of the plaintiffs, died, and thereupon the respondents moved to dismiss the proceedings on the ground that they had abated by the death of one of the plaintiffs.   This motion was sustained and the surviving plaintiff appealed.

1. There is no doubt of the rule of the common law that, in all actions, the death of one of several parties pending the suit, abates the action, though the property survive to the other, except in a few cases, none of which affect this question. This rule is now altered by statute, and the death of one joint plaintiff or defendant does not abate the suit, if the cause of action survive to the surviving plaintiff or plaintiffs.   R. C. 822, sec. 1.   The eleventh section of the third article of the act of 1849, provides that, when one or more of the plaintiffs or defendants die and the cause of action shall not survive, the suit shall abate only as to the person or persons so dying, and the surviving parties may proceed without reviving the suit. The fourth section of the fifth article of the act concerning justices' courts enacts that, if there be two or more plaintiffs or defendants, and one or more of them die, the suit shall not

abate, but the cause of action shall survive to the survivor or survivors, and such death being suggested, the cause shall proceed as though the death had not occurred. The thirty-third section of the second article of the act concerning forcible entry and detainer, provides that, when a cause shall be removed into the Circuit Court by *certiorari* or appeal, the court shall try the same anew, as though it had originated in such court. The respondents maintain, that the act concerning forcible entry and detainer is a system in itself, and cannot look to the aid of other laws in carrying it out, and as there is no provision in the act, in relation to the abatement or revival of the proceedings, questions arising on these subjects must look to the common law for their solution. This argument cannot prevail. It would be exceedingly unsafe to adopt such a principle in the construction of our code. When a matter becomes the subject of special legislation, the provisions deemed appropriate to it are made, and the principles by which it shall be governed are prescribed, and the ordinary tribunals are entrusted with the execution of the law. In the exercise of the jurisdiction thus conferred, it has always been supposed that the court, in the conduct of its proceedings, would conform to the general law regulating its practice, unless there was something in the nature of the subject or some provision in the special law which would forbid such a course of procedure. Whether this action is regarded as subject to the control of the law respecting justices' courts, or the law regulating the practice in courts of general jurisdiction, in either event, it is considered that the statutes above referred to would prevent its abatement. Under the twenty-fifth section of the second article of the act respecting executors or administrators, the cause of action would certainly survive to the administrator of the deceased plaintiff, at least as to some portion of the damages to be recovered. If the suit was abated, and the plaintiff compelled to begin again, he would recover only what he will recover in this action; and the end to be obtained by putting

him out of court cannot be discerned. The spirit of the acts above referred to has removed the technical ground which, at common law, would abate the suit.

The other judges concurring, the judgment will be reversed and the cause remanded.