THE STATE OF DELAWARE UPON THE RELATION OF ROBERT H. RICHARDS, ATTORNEY-GENERAL, *vs.* GEORGE H. BROOKS AND JOHN W. H. BROOKS.

*Quo Warranto—Pleading—Rejoinder—Motion to Strike off.*

1.    The pleader has a right to allege new matter, in any stage of the pleading, as long as he has occasion to answer new matter alleged against him.

2.    New matter alleged, in any stage of the pleading, and decided by the court adversely to the pleader may not be relied upon to answer subsequent allegations made against him.

3.    When in a proceeding by quo warranto, it has been held that only holders of common stock of a corporation had a right to vote for directors thereof, any subsequent pleading, which, raises only the same question, is dilatory, and will, upon motion, be stricken off.

(For report of former decision, see 7 *Penn.*)

(*December* 8, 1909.)

PENNEWILL, C. J., and HASTINGS, J., sitting.

*Christopher L. Ward* and *Herbert H. Ward* for relator.

*Willard Saulsbury* and *Hugh M. Morris* for the respondents.

Superior Court, New Castle County, November Term, 1909.

QUO WARRANTO (No. 108 June Term, 1908).

PENNEWILL, C. J., delivering the opinion of the Court:

In the above stated case a motion has been made by the plaintiff to strike off the rejoinder of George H. Brooks, the defendant, filed on the tenth day of June, 1909, for the following causes:

"1.    For that said rejoinder is dilatory, vexatious, nugatory and in other respects informal and improper.

"2.    For that said plaintiff in its replication filed May 10th, 1909, set out certain new facts, and thereupon pleaded that said

George H. Brooks was not at the election therein mentioned elected a director of said company and for that said defendant in his said rejoinder traversed said averment and concluded with a verification.

"3.   For that said defendant in his plea filed May 3d, 1909, pleaded that the said George H. Brooks was elected a director of George Brooks and Son Company at a meeting held on the eleventh day of May A. D. 1908; that said plaintiff in its replication, after setting out special matter therein, traversed the averment of the election of said George H. Brooks as Treasurer as aforesaid; and that said defendant in his said rejoinder filed June 10th, 1909, again set up as a defense his election at said stock-holders' meeting of May 11th, 1908, which defense he had already pleaded in his plea aforesaid; the result of which course of pleading is to unduly postpone joining of issue in said cause and to make it necessary for the said plaintiff in effect to re-state in a sur rejoinder the special facts set forth and the traverse already embodied in said record in its replication aforesaid."

The defendant George H. Brooks, opposes the motion on the following grounds:

"1.   That the said defendant in his rejoinder avers new matter not averred in his plea, and which is necessary to be averred in reply to the plaintiff's replication, which did not traverse the defendant's plea, but alleged facts not contained in the petition, and concludes with a verification.

"2.   That if the rejoinder is bad, the plaintiff should have demurred, and the motion to strike off is therefore improper."

In quo warranto proceedings it seems to be the practice not to set out the facts upon which the plaintiff relies with the particularity of a declaration, but to state them more fully and formally in the replication, and, therefore, while the replication contains a traverse it concludes with a verification.

The defendant in his plea avers "that he was elected one of the directors of the said George Brooks and Son Company by the stockholders thereof at a meeting thereof duly held on the eleventh day of May 1908, and therefore he, the said George H.

Brooks, during all the time since the eleventh day of May 1908 did rightfully use the franchise, office, privilege and liberty of director of the said George Brooks and Son Company; and this the said defendant is ready to verify."

Such was the plea to the plantiff's information which charged "that for upwards of one year on and after the eleventh day of May, 1908, Richard B. Morrell, Marshall A. Brooks and William M. Pyle were and are the lawfully elected and duly chosen and qualified directors of said corporation, holding office as such until their successors shall be elected and qualified, and that notwithstanding the premises, George H. Brooks and John W. H. Brooks have, during all the time since the eleventh day of May, 1908, used and still do use the franchises, offices, privileges and liberties as directors of the said George Brooks and Son Company, and during the said time hitherto the said franchises, offices, privileges and liberties as directors of the said company have ursurped and still do ursurp to the great damage and prejudice of the State of Delaware."

In its replication the plaintiff sets out fully and with particularity the provisions of the Certificate of Incorporation and By-laws of the said company applicable to the case, viz: The incorporation of the company; its capital stock and of what it consisted, and the holders thereof; the qualifications of voters, and the election of the directors. The replication sets out also that at the election held on May eleventh 1908, the vote resulted in a tie and no election; there being cast for each of the persons voted for—Richard B. Morrell, William M. Pyle, George H. Brooks, John W. H. Brooks and Marshall A. Brooks—one thousand shares of the common stock; that by reason of the premises, the provisions of the charter and the statutes of the State, the then directors, to-wit,—Richard B. Morrell, William M. Pyle and Marshall A. Brooks, continued in their said offices as holding over directors of said company; that at and before the said stockholders' meeting on May eleventh 1908, mentioned in said plea, the said George H. Brooks was not a director of said company, was not at said meeting elected a director of said company and

has not since said meeting been elected a director of said company and at all times since said stockholders' meeting, mentioned in said plea, the said George H. Brooks has ursurped and still doth ursurp, the franchise, office, privilege and liberty of a director of said corporation, as in said information in this cause set forth.

In the rejoinder to the replication the defendant avers that by the constitution and laws of the State affecting and governing the said company, and the rights of the share-holders thereof at the time when the said election for directors, mentioned in said replication, was held, in all elections for directors of stock corporations each shareholder was entitled to one vote for each share of stock he might hold, and at said election for directors of the said company, in said replication, mentioned each shareholder thereof was entitled to one vote for each share of stock of said corporation which he then held; that at said election, when the vote was taken to elect new directors of said corporation, there were three thousand votes cast, being one vote for each share of common and preferred stock of said company, and the casting of said vote for said directors resulted in there being cast for said George H. Brooks, two thousand shares of said stock; for Marshall A. Brooks, two thousand shares of said stock; for John W. H. Brooks two thousand shares of said stock; for William M. Pyle one thousand shares of said stock, and for Richard B. Morrell, one thousand shares of said stock, whereby the said George H. Brooks was at said election duly elected a director of said corporation and has continued so to be since that time; and he the said George H. Brooks has not ursurped and still doth not ursurp the office, privilege and franchise of a director of said corporation in said replication mentioned; and the rejoinder concludes with a verification.

It appears, therefore, that in the rejoinder the defendant alleges that he was duly elected a director of the said company at the election held on the eleventh day of May, 1908, and hath not ursurped the office of director of the company, which is a distinct denial of the averment contained in the plaintiff's information and a repetition of the averment in the defendants' plea.

Opinion.

It is true, as stated by Mr. Gould in his work on Pleading at *Section* 15,—"For that both parties may respectively have the benefit of pleading whatever the nature and exigencies of the case, on their respective sides, may require, it is obvious that each must be at liberty to answer the allegations made against himself, by denying at his election either of three propositions contained in those allegations. In other words, each party must be at liberty to deny whatever he considers as false, either in law, fact or inference, in his adversary's plea. Each party, therefore, has a right to allege new matter, in any stage of the pleading, as long as he has occasion to answer new matter,—i. e., as long as such matter is alleged against him." But we do not understand by this rule that new matter may be alleged which has already been considered and decided by the Court against the pleader at a prior state of the pleadings. This Court has distinctly decided in this case that only the holders of the common stock of the corporation had a right to vote at an election held for the purpose of choosing directors, and we think that any subsequent pleading which alleges facts that raise only the same question, and contains no averment different from a prior pleading filed by the same party, is dilatory, and for that reason may and should be stricken from the record.

While it is the object of pleading that a simple issue may be raised and presented, it is not its purpose that its determination shall be delayed by compelling the Court to *re-hear and decide the same question* in the course of the pleadings in the same case.

In regard to the defendants' second ground of objection to the plaintiff's motion to strike off the rejoinder, viz., if the rejoinder is insufficient or improper, the proper proceeding was to demur and not to move to strike off; we will only say that we are not passing upon the sufficiency of the rejoinder in law, but rather upon its character—whether or not it is dilatory and vexatious.

We sustain the motion to strike off the rejoinder.