THE STATE OF DELAWARE EX REL. HORACE T. BRUMLEY *vs.* THE JESSUP AND MOORE PAPER COMPANY, a corporation existing under the laws of the State of Delaware.

1. MANDAMUS—NATURE OF ACTION—"PERSONAL ACTION"—"SUIT AT LAW".

Mandamus is a "personal action," within *Rev. Code* 1852, amended to 1893, *p.* 787, *c.* 105, § 2, declaring that all personal actions, with specified exceptions, shall survive, and is a "suit at law," within *Const. art.* 4, § 26, providing that no suit at law shall abate at the death of any party, where the cause of action survives.

2.  ABATEMENT AND REVIVAL—DEATH OF PARTY—SURVIVAL OF ACTION.

Whether an action survives the death of a party thereto depends generally on the nature of the action, and not on its form.

3.  MANDAMUS—DEATH OF RELATOR IN MANDAMUS—SURVIVAL.

Under *Rev. Code* 1852, amended to 1893, *p.* 787, *c.* 105, § 2, providing that all personal actions, with specified exceptions, shall survive, mandamus to compel a corporation to permit relator to examine the corporate books, to ascertain the value of his stock, survives his death, and where the Supreme Court has determined that relator is entitled to a peremptory writ, his personal representative will be substituted as relator.

(*June* 2, 1911.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Robert H. Richards* for relator.

*Saulsbury, Ponder and Morris* for respondent.

Superior Court, New Castle County, May Term, 1911.

MANDAMUS (No. 114, June Term, 1908) to compel the defendant to permit the relator to examine its books.

Motion to substitute Irene Brumley, Executrix of Horace T. Brumley, deceased, as relator in the above cause.

(See motion to quash the return to the alternative writ, (7 *Penn.* 397) which was refused. Writ of error, and the determination of the court below was reversed in part, and remanded (1 *Boyce*, 379). Application to amend the return. Denied. *Post* 160. Application for peremptory writ,—*Boyce*,—.) Motion to quash writ of error. Denied. Post —.

PENNEWILL, C. J., delivering the opinion of the court:

In the above entitled cause the relator sought to obtain from this court a peremptory writ of mandamus compelling the defendant company to permit him to examine its books for the purpose of ascertaining the value of the stock which he held in said company, and which he desired to sell.

Upon the refusal of the court to order the issuance of said writ the relator took a writ of error to the Supreme Court, where the judgment of the Superior Court was reversed, and the issuance of the peremptory writ directed. 1 *Boyce*, 379, 77 *Atl.* 16, 30 *L. R. A.* (*N. S.*) 290.

After the argument in the Supreme Court upon the writ of error and before the opinion of that court was rendered, the relator

died, and the decree was entered *nunc pro tunc*, in pursuance with the practice that in such cases prevails in the Supreme Court of the United States.

A motion is now made in this court by Irene Brumley, the widow and executrix of the relator, that the death of the relator be suggested upon the record of said cause, and that she, the said executrix, be substituted as relator therein.

The question raised by said motion is whether, upon the death of the original relator, the action survives.

*Section* 26 of *Article* 4 of the *Constitution* of this state provides that, "By the death of any party, no suit in chancery or at law, where the cause of action survives, shall abate, but, until the General Assembly shall otherwise provide, suggestion of such death being entered of record, the executor or administrator of a deceased petitioner or plaintiff may prosecute the said suit," etc. The Constitution of 1831 contained a similar provision.

It is provided by a statute of this state—*Section* 2 of *Chapter* 105, *Revised Code*, 787—as follows:

"In all personal actions, except actions for assault and battery, defamation, malicious prosecution, or any injury to the person, or upon penal statutes, the cause of action shall survive to and against the executors or administrators of the person to or against whom the cause of action accrued."

[1] In determining, therefore, whether the mandamus proceeding instituted by the relator survives to the executrix, the court must be satisfied that mandamus is a personal action, and also that the cause of action survives.

As is well known, actions at law are divided into three classes, viz.: Real, personal and mixed. Manifestly mandamus is not a real or mixed action. If it is an action at all, within the meaning of the law, it must be a personal action.

A large part of the respondent's brief consists of an effort to show that mandamus is not an action, and many authorities are cited to sustain such contention.

It is admitted that since the passage of the statute of 9 *Anne*, mandamus has been regarded in the nature of an action at law in England, but was not so before. And, it is argued, that inasmuch

as said statute has never been adopted in this state, mandamus
cannot be held to be an action here.

"The effect of the statute of 9 *Anne* was to assimilate the
proceedings in cases falling within its provisions to ordinary ac-
tions at law.   The pleadings were thus made to conform substan-
tially to those in ordinary actions at law, and subsequent legisla-
tion in England rendered the likeness still more complete." *High's
Ex. Rem.* § 448.

Tapping on Mandamus, referring to said statute, says: "Then
the writ of mandamus, in cases within the statute, is, to a certain
extent assimilated, both in its direct and incidental proceedings,
to an action at law."

Even if the statute of 9 *Anne* has not been adopted in this
state, it is nevertheless true that under our later decisions and
practice the proceeding by mandamus has been as much assimi-
lated to an action at law as it has been in England since the
enactment of said statute.

And the pleadings now employed in such proceeding conform
very largely to those in ordinary actions at law.   *State of Dela-
ware on Relation of Attorney General v. George H. Brooks*, 1 *Boyce*
129, 74 *Atl.* 599.

In the case of *Richardson v. Swift*, 7 *Houst.* 138, 30 *Atl.* 781,
decided in the Court of Errors and Appeals in 1886, mandamus
was held to be divested to a large extent of its ancient and origi-
nal prerogative features.   Such was the effect of the decision also
in the court below, as clearly appears from the opinions delivered
by Chief Justice Comegys and Justice Houston.   In the Court of
Errors and Appeals, Chancellor Saulsbury, in delivering the
opinion, said:

"A mandamus may be defined to be a command issuing from
the Superior Court, directed to some person, corporation or infer-
ior court, within the jurisdiction of the Superior Court, requiring
them to do some particular thing therein specified which by law
they are bound to do, and which a superior court has previously
determined or at least supposes to be consonant to right and
justice.                                    ,

"It is unnecessary for the purposes of this case to trace the

origin and history of the writ of mandamus. While it is true that in England it was originally what is called a 'prerogative writ,' and is there generally treated as such, in this state, and in this country, it is simply a writ, divested of all its prerogative features, for the enforcement of a remedy by a person having a legal right against another person withholding that right.

"Prerogative writs, as such, may be said to have no existence in this state, or in this country. The writ of mandamus, and the right to it in all cases to which it is applicable, is as clearly recognized in our jurisprudence as any other writ which may be issued out of the courts of law to which a party may be entitled. A clear recognition of this as settled law will go far to divest the character of the writ of much seeming mystery or obscurity of meaning with which it has been customary to surround it, and will greatly simplify the issue involved in this cause, which is nothing more nor less in its nature or character than a suit at law between one person as plaintiff and another as defendant."

There can be no doubt, therefore, that in this state mandamus is now a personal action within the meaning of our statute, and a suit at law within the meaning of our constitutional provision.

In other states the question considered by the courts has usually been, not whether mandamus was a personal action, but whether it was such a personal action as died with the person.

"An application for a mandamus has been classed with those personal actions that die with the person," *Vols.* 1 and 26 of *Ency. of Plead. and Prac.* 69 and 420, and the cases there cited.

The second question to be considered is whether the present suit, or action, is one in which the cause of action survives.

It may be conceded that practically all the text writers who have dealt with the subject agree that mandamus is a personal action that dies with the person in whose behalf the proceeding was instituted.

*High on Ex. Legal Remedies*, § 437, says:

"Proceedings for mandamus being strictly in the nature of a personal action, it follows necessarily that they die with the person in whose behalf they have been instituted. They cannot,

therefore, be prosecuted by the personal representative of the relator after his death."

It will be observed that Mr. High and other writers agree that mandamus is a personal action. Inasmuch as our statute provides that *all personal actions* not therein excepted, shall survive, mandamus not being embraced within the exception, it is difficult to conceive how they could reach any other conclusion than that such a proceeding would not die with the person, but would survive, under laws similar to ours. They were not treating of mandamus in the light of a constitutional provision and statute like ours.

To sustain the proposition that the death of the relator operates as an abatement of the action, the authorities relied upon by the defendant cite the case of *Booze v. Humbird*, 27 *Md.* 1. In that case the relator, claiming to have been elected to the office of mayor, brought mandamus to compel the defendant to surrender to him the said office. Judgment was rendered in the court below for the defendant and the relator appealed from that judgment. After the appeal was taken the relator died, and his executors applied to be substituted for him to prosecute the appeal. The appellee, the defendant in the original suit, contended that the suit abated by the relator's death. The executors of the relator relied upon a statute of Maryland which provided:

"No case pending in the Court of Appeals shall abate by the death of either of the parties to such appeal or writ of error, if the heir, executor or other proper person to be made a party shall, at the first or second term succeeding the death of said party, make the necessary suggestion, and appear to such appeal or writ of error for the purpose of prosecuting or defending the same."

The court refused the application, and very properly, because neither the executors, nor any other person representing the relator could, after his death, be entitled to the relief sought by the relator. Manifestly it would have been futile for the court to have granted the peremptory writ. After the relator's death the office of mayor could not be delivered to his executors, and the writ of mandamus will never be directed to be issued when it will

be nugatory. The court accordingly declared that the case was one that "must be. classed with those personal actions which die with the person."

In that case the cause of action, from the nature of the relief sought, did not, and could not, survive to the personal representatives of the deceased relator.

In the case at bar the relief demanded by the relator was the right and opportunity to examine the books of the defendant company in order to ascertain the value of the relator's stock which he desired to sell.

[2] It seems to be clear from the authorities that the question whether an action survives depends generally upon the nature of the action and not upon its form. In the *case of Francis Schreiber*, 110 *U. S.* 80, 3 *Sup. Ct.* 424, 28 *L. Ed.* 65, Chief Justice Waite said:

"The right to proceed against the representatives of a deceased person depends not upon the forms and modes of proceeding in a suit, but upon the nature of the cause of action for which the suit was brought. If the cause of action survives, the practice, pleadings and forms and modes of proceeding in the courts of the state may be resorted to in the courts of the United States for the purpose of keeping the suit alive and bringing in the proper parties. But if the cause of action dies with the person, the suit abates and cannot be revived. Whether an action survives depends on the substance of the cause of action, not on the forms of proceeding to enforce it." *Martin v. Baltimore, etc.*, 151 *U. S.* 673, 14 *Sup. Ct.* 533, 38 *L. Ed.* 311; *Webber v. St. Paul, etc.*, 97 *Fed.* 140, 38 *C. C. A.* 79; *Booth v. Northrup*, 27 *Conn.* 325.

In the Maryland case the court did not say that all proceedings by mandamus to enforce personal rights are personal actions which die with the person, but that the case before them "must be classed with those personal actions which die with the person."

[3] In the case before us it is impossible to see why the executrix of the relator is not as much entitled to the relief sought as the relator was in his lifetime, the right of each being the same property interest in the same subject matter. The same reason

that prompted him to seek the relief would naturally prompt her. The relator desired to sell his stock in the defendant company, and therefore wished to examine the books of the company in order to ascertain its value. The executrix upon whom the law imposes the duty of settling the relator's estate, it may be assumed, desires the same relief and information for the same purpose.

Because of our constitutional and statutory provisions, and from the nature of the relief sought by the relator, the substance of the cause of action, we think the action instituted by the relator survives, the same not being within any of the exceptions contained in the statute. And inasmuch as the Supreme Court has decided that the relator was entitled to the issuance of the peremptory writ, we think, the writ not having been issued, and the relator now being dead, his personal representative is entitled to the same relief, and accordingly grant the motion made by her that the death of the original relator be suggested upon the record of said suit, and that she, the said executrix, be substituted as relator therein.