THE STATE OF DELAWARE upon the relation of IRENE BRUMLEY, Executrix of HORACE T. BRUMLEY, deceased, *vs.* THE JESSUP AND MOORE PAPER COMPANY, a corporation existing under the laws of the State of Delaware.

1.  MANDAMUS—RETURN—AMENDMENT.

    On appeal from a decision of the Superior Court refusing to quash the return to an alternative writ of mandamus, the Supreme Court held that such decision was a final judgment, reviewable by it, although formal judgment was not entered below, reversed the judgment, quashed the return, and remanded the case for the purpose of issuing a peremptory writ. *Held*, that the Superior Court could not thereafter permit the filing of an amended return, both *Const. art.* 4, § 24, and *Rev. Code* 1852, amended to 1893, *p.* 849, *c.* 112, § 11, limiting the power to allow amendments to amendments before judgment, and also because, the original return having been quashed, there was nothing to amend.

2.  MANDAMUS—JURISDICTION OF LOWER COURT AFTER REMAND.

After the reversal of a judgment quashing a return to a writ of mandamus, the Superior Court had no power, except to issue the peremptory writ directed by the Supreme Court, and to take such proceedings as were necessary for this purpose.

3.  MANDAMUS—AMENDMENT OF RETURN.

After the executrix of the relator has been substituted as a party to a mandamus proceeding, objections to such substitution cannot be raised and considered on a motion to amend the return.

*(February* 2, 1912.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Robert H. Richards* for relator.

*Willard Saulsbury* and *Hugh M. Morris* for respondent.

Superior Court, New Castle County, January Term, 1912.

MANDAMUS (No. 129, September Term, 1908).

Application for leave to file an amended return after a final judgment by the Superior Court on a motion to quash the return, and after final decree in the Supreme Court on a writ of error reversing the judgment of said lower court and quashing the return.  Application denied.

See motion to quash the return to the alternative writ (7 *Penn.* 397).  Refused.  Writ of error.  (Motion to dismiss, *post.*)  Reversed in part and remanded (1 *Boyce,* 379).  Application for peremptory writ.  (See *post,* also 83 *Atl.* 30.)  Motion to substitute executrix as relator,  (*ante* 118.)

PENNEWILL, C. J., delivering the opinion of the court:

The original petition in the above entitled cause was filed July 1, 1908, and a rule was then issued upon the defendant to show cause why a peremptory writ of mandamus should not issue against it to permit the original relator, Horace T. Brumley, to inspect and make copies of certain books of the defendant.

A motion was made September 26, 1908, by the defendant to quash the rule and dismiss the petition, which, after argument was refused; and the court on December 8, 1908, ordered that the alternative writ of mandamus issue.

The alternative writ was issued December 28, 1908, and the return thereto filed January 16, 1909.  A motion was filed March

24, 1909, to quash the return on the ground that it was insufficient to prevent the relator from having the relief sought, which motion was refused.    The court decided that the return was sufficient, but no formal judgment was entered.    Upon such decision a writ of error was taken to the Supreme Court, which writ counsel for the defendant moved the court to dismiss on the ground that no final judgment had been rendered by the Superior Court which could be reviewed on writ of error.

This motion was fully argued, and, after consideration, was refused, the court holding, upon the authority of *Union Church v. Saunders*, 1 *Houst.* 100, 107, 63 *Am. Dec.* 187, and the following cases in other states,—*Johnson v. Gillett*, 52 *Ill.* 358; *Chance v. Temple*, 1 *Iowa*, 179; *People v. Hawes*, 34 *Barb.* (*N. Y.*) 69—that there had been a final judgment or proceeding, within the meaning of the Constitution of the Superior Court, and that the same was reviewable on writ of error by the Supreme Court.

The case was afterwards argued on the merits, and an opinion delivered by the Supreme Court reversing the judgment of the court below, and directing "that the record be remanded to the said Superior Court, in and for New Castle County, in order that such proceedings may be had as shall be in accordance with this judgment and with the opinion herein rendered by this court, and with the practice of the said Superior Court."

The said judgment of the Supreme Court was remanded to the Superior Court, where a motion was afterwards made by counsel for the relator that the executrix of the relator, Horace T. Brumley, who had died, be substituted as relator for the said Horace T. Brumley.    This motion, which was opposed by the defendant, was after argument, granted, and the substitution ordered to be made.    *State ex rel. Brumley v. Jessup and Moore Paper Co.*, 3 *Boyce* 118, 80 *Atl.* 350.

Counsel for the defendant now make application to this court for leave to file an amended return, which is a new return, and described as being "in lieu of the return heretofore made."

The application is opposed by counsel for the relator, who contends "that there is no justification or legal authority, in this state or elsewhere, to permit the defendant to file this new return at this stage of the case."

11

[1]   The question for this court to determine is whether the defendant's return can be amended after a final judgment or proceeding in the court below on a motion to quash the return, and a final decree of the Supreme Court on writ of error reversing the judgment of the lower court and quashing the return.

It must be conceded that the proposed amendment cannot be allowed unless authorized by the constitutional or statutory provisions of this state respecting amendments, which provisions are as follows:

"In all civil cases, when pending, the Superior Court shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments, impleadings and legal proceedings, so that by error in any of them the determination of causes, according to their real merits, shall not be hindered." *Section* 24 of *Article* 4 of the *Constitution.*

"In any civil cause pending before the Superior Court, the said court shall have power, at any time before judgment, to allow amendments, either in form or substance, of any process, pleading or proceeding, in such action, on such terms as shall be just and reasonable."   *Section* 11 of *Chapter* 112 of the *Revised Code.*

It is manifest from these provisions that this court has no power or authority to allow the amendment asked for if a judgment, within the meaning of the Constitution and statute, had been rendered in the case, because both the Constitution and the statute, in granting to the court power to permit amendments, limit the right to a time anterior to the rendition of judgment.

Although no judgment was formally entered by the Superior Court in refusing to quash the return, it was decided by the Supreme Court, on a motion to dismiss the writ of error on that ground, that the decision of the lower court constituted a final judgment or proceeding within the meaning of the Constitution, and one which might be reviewed by writ of error.

The Supreme Court, in reversing the court below said:

"We   *   *   *   hold that   *   *   *   the relator is therefore entitled to the peremptory writ of mandamus of the court to which this case is remanded, to be issued by that court under such reasonable regulations as to time and place as it may direct,

commanding the defendant to suffer and permit the relator, or his duly authorized attorney, to inspect and make copies of such of the books, papers and accounts and writings of the defendant mentioned in his petition, and only of such of them that, under the direction of the said court, are found essential and sufficient to furnish the information whereby the relator may determine the value of his stock."

It appears, therefore, from the proceedings in this cause, that there was a final judgment, or proceeding, by the Superior Court on the motion to quash the return, and also that a final decree was entered by the Supreme Court reversing the judgment below, quashing the return and remanding the case to the Superior Court for one purpose only, viz., to order the issuance of the peremptory writ in accordance with the opinion and direction of the Supreme Court.

[2]   The Superior Court has no duty to perform, and no power in the premises, other than to carry out the mandate of the Supreme Court, which is, to order the issuance of the peremptory writ as directed.   This could not be done without substituting the executrix of the relator in place of the relator who had died, and the substitution was accordingly made for that purpose.

We are clearly of the opinion that this court cannot grant the motion made by the defendant for leave to amend his return, or make a new defense, after final judgment, or proceeding, in the court below, and final decree in the court above, on the merits of the case.

And it may be also observed that in order that an amendment may be made to a pleading or proceeding there must be something by which to amend.   The effect of the decree of the Supreme Court was to quash the defendant's return, and consequently there was nothing left which might be amended.   Practically, therefore, the defendant seeks by his present application to file a new return after there has been a final decision and judgment upon the merits of the case.   .

There can be no authority for granting such an application, and it must be denied.

Counsel for defendant in making their application for leave to file an amended answer or return, evidently relied upon the case

of *State v. Hiram Grand Lodge*, 2 *Penn.* 21, 43 *Atl.* 520, and but for that case we think the application would perhaps not have been made.

In the *Hiram Lodge case*, which was recently decided in this court, a motion had been made to quash the return on the ground of insufficiency, and the court in concluding their opinion, said:

"We adjudge the return insufficient, and grant the motion to quash the same. Inasmuch, however, as leave has been asked by the respondent to amend his return, in case it should be considered by the court insufficient, and as such seems to be now the common practice, leave is granted the respondent to amend his return."

This case cannot be regarded as an authority for the application made in the present case. It is clearly distinguishable because the leave granted was within the authority of the Constitution and statute above quoted. The fact was, and it sufficiently appears from the opinion, that the application to amend was made not only before judgment was entered, but also before the decision was rendered on the motion to quash.

In that case the motion to quash the return was argued with the full understanding that leave should be granted the defendant to amend if the court should be of the opinion that the return was insufficient.

The court, in using the language, "and as such seems to be now the common practice," meant only that it had become the common practice in other jurisdictions to allow a return in mandamus to be amended before judgment upon just and reasonable terms, if in the opinion of the court the determination of the cause according to its real merits, would be promoted thereby.

Such is the practice now usually observed, and it is not only supported by authority, but is entirely consistent with reason and justice.

[3] If there is any reason why the executrix of Horace T. Brumley should not have been substituted as relator that did not equally apply to Horace T. Brumley, we think it should have been urged at the time the motion to substitute was argued. The recollection of one of the judges now sitting, who sat at that

Opinion.

time, is that the objection was then made, but not emphasized or discussed at any length. The right to substitute the executrix in place of the original relator was strongly resisted on other grounds, and but little stress was placed upon the point that there might be reasons personal to the executrix why she should not be made a party.

Upon an examination of the proposed amended return we find that the only new question raised involves the point that objection might be made to the executrix having the right to examine the books and papers which the original relator asked to be permitted to examine, and which request the court granted.

Such objection, as we have said, might very properly have been made at the time when the executrix was made party relator, and in fact was then made, and we are clearly of the opinion it cannot be made now.

The application of the defendant for leave to amend his return is, for the reasons above given, refused.