JOANNE LONG and CHARLES LONG, Plaintiffs. v. ANNE E. LEE, Defendant.

(*September* 8, 1960.)

STIFTEL, J., sitting.

*David B. Coxe, Jr.*, and *Emmett J. Conte, Jr.* (of Coxe, Booker, Walls and Cobin) for plaintiffs.

*Raymond L. Becker* and *Wilfred J. Smith, Jr.*, for defendant.

Superior Court for New Castle County, No. 1171, Civil Action, 1959.

STIFTEL, J.:

Plaintiffs, Joanne Long and Charles Long, her husband, filed an action in the Superior Court to recover damages for personal injuries to both plaintiffs, and for medical expenses and hospital bills incurred by Charles Long for himself and his wife, which resulted from the alleged negligence of the defendant, Anna E. Lee. In the *ad damnum* clause, Joanne Long demanded judgment against the defendant in the sum of $5,000, and the plaintiff Charles Long demanded judgment for $1,000. Defendant admitted liability. The question on the amount of damages was submitted to a jury, and the jury returned verdicts of $10,000 for Joanne Long and $500 for Charles Long. Immediately after the verdicts, defendant gave notice of her intention to move for a new trial against plaintiff Joanne Long, and made no motion to arrest or stay the entry of judgment in accordance with Rule 58 of the *Superior*

*Court Rules, Del. C. Ann.*, whereupon both judgments were forthwith entered upon the verdicts.

On May 13, 1960, the plaintiff Joanne Long moved to amend the *ad damnum* clause of her complaint by changing her demand from $5,000 to $10,000 so that the demand in the complaint would correspond with the verdict awarded by the jury. The verdict of $500 for Charles Long is not objected to by either party, and is therefore not an issue herein.

On May 18, 1960, and within the 10 day period prescribed by Rule 59 of the Superior Court Rules, defendant filed her motion for a new trial against Joanne Long on two grounds: (1) That the verdict exceeded the amount demanded by plaintiff in her complaint; and (2) that the verdict was excessive under the evidence.

Defendant opposes plaintiff's motion to amend on the following grounds: (1) That the Superior Court by virtue of Article 4, Section 21, of the Delaware Constitution, *Del. C. Ann.*, is without power to amend the pleadings after judgment has been entered; and (2) assuming, without admitting, that the Court has the power to permit this amendment, the Court should, in its discretion, refuse to allow the amendment.

Article 4, Section 21, of the Delaware Constitution provides that:

"In civil causes, when pending, the Superior Court shall have the power, *before judgment*, of directing, upon such terms as it shall deem reasonable, amendments in pleadings * * *, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered." (Emphasis supplied.)[1]

---

[1]The quoted provisions of Section 21 first became part of the Delaware Constitution in 1792 as Article 6, Section 7 thereof. It continued in effect in the Delaware Constitution of 1831, as Article 6, Section 16, and was carried into the Constitution of 1897 as Article 4, Section 24. On May 14, 1951, Section 24 was modified without disturbing the portion quoted above, which became Section 21 in our present Constitution (48 *Del. Laws,* Chap. 109). This constitutional provision was enacted so as to eliminate injustice by imposition of technicalities so that matters before the Court would be decided on their merits.

The determination of the extent of the power of the Superior Court to permit amendments depends upon the meaning of the words "before judgment" as used in Article 4, Section 21, of the Delaware Constitution. In the present case, the verdict was rendered and the judgment for Joanne Long for $10,000 was entered forthwith by reason of Rule 58 and also because the plaintiff, without objection, requested the immediate entry of judgment.

 "Judgment", as used in Rule 54 (a) of the Superior Court Rules, means "any order from which a writ of error or appeal lies". The use of the term "judgment" ordinarily implies a final judgment, *Hazzard v. Alexander*, 6 *W. W. Harr.* 512, 178 *A.* 873, 875, and defendant herein concedes that under our constitutional provision this Court may permit pleadings to be amended before final judgment. See *State ex rel. Brumley v. Jessup & Moore Paper Co.*, 3 Boyce 159, 82 *A.* 540, 541.[2] Therefore, "before judgment", as used in

---

[2]In *Brumley* the Court held, *inter alia*, that a defendant could not amend its return to a writ of mandamus after final judgment had been rendered. Chief Justice Pennewill stated, "Although no judgment was formally entered by the Superior Court in refusing to quash the return, it was decided by the Supreme Court, on a motion to dismiss the writ of error on that ground, that the decision of the lower court constituted a final judgment, or proceeding, within the meaning of the Constitution * * *."

It was further said, "It appears, therefore, from the proceedings in this cause, that there was a final judgment or proceeding by the Superior Court on the motion to quash the return, and also that a final decree was entered by the Supreme Court reversing the judgment below, quashing the return, and remanding the case to the Superior Court for one purpose only, *viz.*, to order the issuance of the peremptory writ in accordance with the opinion and direction of the Supreme Court. * * * * *

"We are clearly of the opinion that this court cannot grant the motion made by the defendant for leave to amend his return, or make a new defense, after final judgment or proceeding, in the court below, and final decree in the court above, on the merits of the case."

See also, *Philadelphia, B. & W. R. Co. v. Gatta*, 4 Boyce 38, 85 *A.* 721, 727, 47 *L. R. A., N. S.*, 932, and 41 *Am. Jur.* Pleading p. 495.

Article 4, Section 21, of our Constitution, means "before final judgment". Consequently, it is within the discretion of the trial court whether to allow amendments to pleadings at any time before final judgment[3] if, in its discretion, justice so requires. See *State for Use of Godwin v. Collins*, 1 *Harr.* 216, 218.

The issue is, therefore, whether the judgment entered is a final judgment so as to bar any subsequent amendment to the complaint by reason of Section 21, Article 4, of the Delaware Constitution. Defendant argues that the judgment entered herein is a final judgment. The judgment entered of record is for $10,000. If this judgment were a final one, the judgment for $10,000 would stand, since judgment in excess of the *ad damnum* is not a void judgment; it is a voidable judgment. *Sullivan v. Jordan*, 310 *Mass.* 12, 36 *N. E.* 2d 387, 389. This judgment stands until it is modified, vacated or set aside in proceedings provided by law to accomplish this purpose. Defendant does not want this judgment for $10,000 to stand; she has moved for a new trial. In reality, defendant has moved to alter or amend the judgment in accordance with Rule 59(e) or has moved for relief from the judgment pursuant to Rule 60 of the Superior Court Rules. Even though defendant has not asked for this specific relief, it

---

[3]Amendments in civil actions, which deal with defects and imperfections in matters of form found in the record have been allowed in Delaware by statute for over one hundred years notwithstanding the constitutional provision now embodied in Art. 4, Sec. 24, which antedated the statutes. Sections 2512 and 2516, *Rev. Code of Delaware of* 1852; Sections 4431 and 4435, *Rev. Code of Delaware of* 1915; Sections 4889 and 4893, *Rev. Code of Delaware of* 1935; *Woolley on Delaware Practice*, § 550; *State for Use of Walker v. Walker*, 3 *Harr.* 502; *Long's Adm'r v. Spear*, 1 *Del. Cas.* 393; *Carpentar's Lessee v. Ratcliff*, 1 *Del. Cas.* 185. The present Code, 10 *Del. C.* § 4102, permits the court to which a cause is removed by appeal or writ of error to amend after judgment any defects or imperfections in matters of form found in the record, and Rules 60(a) and 61 of the Rules of the Superior Court permit amendment of defects or imperfections in matters of form by the court in which the judgment is rendered, thus replacing the necessity of the earlier statutes.

is clear she so intended when she moved for a new trial; otherwise, the judgment for $10,000 would remain undisturbed.

A judgment cannot be final as long as a motion to alter or amend the judgment is pending, and an appeal taken before the disposition of such a motion is premature. *Stevens v. Turner*, 7 *Cir.*, 222 *F.* 2d 352, 354. Similarly, in *Trowell v. Diamond Supply Co.*, 8 *Terry* 422, 91 *A.* 2d 797, 800, our Supreme Court held that a judgment is not appealable until a timely motion for a new trial has been decided, because so long as the motion is pending, the lower court retains jurisdiction of the cause, and, for the purpose of appeal, the character of finality does not attach to the judgment.

Since defendant's motion to alter the judgment is presently before this Court for decision, the judgment cannot be said to be final. Consequently, the bar of Article 4, Section 21, of the Delaware Constitution, restricting amendments to the time "before judgment", has no application because the judgment does not become final so long as defendant's motion is pending before this Court.

Furthermore, the omission from the Superior Court Rules of subsection (c) of Rule 54 does not divest this Court of its power to amend the *ad damnum* in a Superior Court action. It is true that recent decisions in the federal courts have permitted the *ad damnum* to be amended after verdict or judgment by virtue of Federal Civil Rule 54(c), 28 *U. S. C. A.*, on the basis that Federal Rule 54(c) does not limit judgment to the sum of the amount prayed, but permits the relief to the successful party to which she is entitled regardless of the demand. *Yates v. Dann, D. C. Del.*, 167 *F. Supp.* 174; *Neff v. Western Cooperative Hatcheries*, 10 *Cir.*, 241 *F.* 2d 357, 363; *Couto v. United Fruit Co.*, 2 *Cir.*, 203 *F.* 2d 456; *Garland v. Garland*, 10 *Cir.*, 165 *F.* 2d 131. In reality, Federal Rule 54(c) implements the general principle of Federal Rule 15, the same as our Superior Court Rule 15, which, *inter alia*, provides, in effect, that in a contested case, the judgment is

to be based on what has been proved rather than what has been pleaded. The absence of Rule 54(c) from the Superior Court Rules does not adversely affect the power of this Court to amend the *ad damnum* which it already had by reason of Article 4, Section 21, of the Delaware Constitution and by reason of Superior Court Rule 15.[4]

I conclude, therefore, that Article 4, Section 21, of the Delaware Constitution provides no bar to the amendment sought herein by plaintiff, but instead, together with Superior Court Rule 15, serves as authorization to this Court to allow such amendment in the Court's discretion.

By agreement of counsel, approved by this Court, additional briefs will be submitted pertaining to the advisability of the Court exercising its power to amend the *ad damnum* clause which shall take into consideration defendant's claim that the verdict is excessive.

This case was subsequently settled by the parties.

---

[4] The *Rash* case (*Rash v. Holliday,* 2 *Harr.* 138) is not applicable here because there is no indication that an amendment to the *ad damnum* was requested before final judgment in the Magistrate's Court, and furthermore, the language of Article 4, Section 21, of our Constitution, which existed at the time of the *Rash* case, did not pertain to amendments of summons before the Magistrates' courts.