LUIS ANTONIO GONZÁLEZ MUÑIZ, Plaintiff and Appellant, v. HEIRS OF SAMUEL MARTÍN QUIÑONES ET AL., Defendants and Appellees.

No. 12326. Decided November 3, 1961.

---

*Luis A. Negrón López, Luciano Colón Santiago, Ariel Colón Clavell* for appellant. *Ubaldo Aponte* for appellees Marcelina Sanabria and Heirs of Samuel Martín Quiñones. *Raúl Matos* for respondent spouses Juan R. Cobián and Magali Guzmán.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

In the latter part of December 1953, Samuel Martín entered into a sales contract with the plaintiff. All preliminary steps were taken to put it in a public deed. The real property object of the contract was encumbered by a mortgage in favor of the P.R.R.A., and the consent of that agency was necessary in order that the purchaser could take over the debt. The consent was requested and obtained. The notary was instructed to prepare all the papers. It was agreed to sign the deed on December 30.

On the date set for the signing, Samuel Martín refused to sign and informed the plaintiff that another person had offered him $2,000 over and above the amount agreed upon by them, and that if they did not pay him that additional amount he would sell the property to the other purchaser. The plaintiff informed the other person of the situation and the transaction was not carried out.

Late in January, Martín agreed to sell the property to another adjoining owner for $1,000 over and above the amount agreed upon with the plaintiff. The deed was executed on February 18, 1954. It was duly recorded.

On April 19, 1954, the plaintiff brought this action against Samuel Martín and his wife and purchaser Juan R. Cobián, to compel specific performance of the contract. Samuel Mar-

tín died in August of that year and the action was prosecuted against his heirs.

The trial court rendered judgment against the plaintiff and imposed attorney's fees at $3,000.

The trial court found that defendant Samuel Martín and his wife entered into a sales contract with the plaintiff, but that the other codefendant had no knowledge of this agreement and was therefore a third party. It concluded that since the property is in the hands of a third party, the complaint against the heirs of Samuel Martín should not be granted. However, as respects the latter, it made the following findings:

"3. As a result of an offer to sell the said property which Samuel Martín had made to plaintiff Luis Antonio González Muñiz, Félix González Muñiz, his brother and attorney in fact, called on Samuel Martín on December 22, 1953, at Lafayette Hospital in Arroyo, where he was confined, and there and then he made a new offer of sale of the property in question for the plaintiff, for the price of $23,000, which was accepted. Both of them agreed that the sale would not include the present sugar-cane harvest which was being collected by and for the vendor, but that it included a proportional quota of the sugar which, according to an agreement made the following day, would be determined on the basis of the production record of the property for five basic years. They further agreed that the purchaser would withhold out of the agreed price the amount of the first mortgage in favor of the United States Government and of a second mortgage in favor of Fernando Calimano, and would pay the vendor the balance in cash.

". . . . . . . .

"15. Samuel Martín Quiñones and his wife Marcelina Sanabria conspired between themselves to defraud, as they did, the rights which plaintiff Luis Antonio González Muñiz had acquired in the said property, by executing, as they did, said deed No. 6 of February 18, 1954 before Notary Tomás Bernardini Palés, who was their attorney, whereby they sold the said real property to codefendant Juan R. Cobián for the price of $24,000, which was $1,000 more than the agreed price of

$23,000 for which they would sell it to the plaintiff, without codefendant Juan R. Cobián having knowledge of such conspiracy and fraud during, before, or after the execution of such instrument, as has been established in the preceding Finding of Fact No. 14."

■ The appellant maintains that the finding made by the trial judge in the sense that Juan R. Cobián had no knowledge of the contract executed between the plaintiff and Samuel Martín is erroneous. He points, among other things, to that portion of the evidence introduced by the plaintiff to the effect that at a luncheon, prior to the signing of the deed conveying the real property to Cobián, the plaintiff informed the latter of the deal he had made with Martín and how the latter attempted to sell the property to another person. This evidence is controverted by the testimony of Cobián who admitted that he had lunch with the plaintiff, but that they did not talk about the transaction concerning the property. Irrespective of the fact that, on the basis of the evidence in the case at bar, we would have made in the first instance a different finding of fact, the truth is that the decision of the trial judge is supported by the evidence.

■ The appellant contends that attorney's fees should not be imposed in a case such as this, and that, if properly imposed, they are excessive. The appellant is correct. Bearing in mind the circumstances surrounding this case, and particularly the findings of fact transcribed above, the award of attorney's fees is not warranted. The plaintiff's demeanor does not reveal obstinacy, and his action in bringing the suit was due solely to the nonperformance by Martín of the covenants expressly agreed upon. As respects Cobián, neither can it be said that he was obstinate, since the plaintiff could have reasonably believed that he had knowledge of all the circumstances surrounding the transaction which gave rise to this litigation.

 The appellant points out that the trial court, after finding that Samuel Martín had executed a sales contract with him, should have sustained the complaint and granted the relief to which he was entitled, specifically, "to compensate the plaintiff for the damages logically resulting from such conspiracy and fraud." (Brief, at p. 55.) He invokes Rule 54 (c) of the Rules of Civil Procedure of 1943. The difficulty with this claim lies in the fact that what both Rule 54 (c) and Rule 44.3 of the Rules of Civil Procedure of 1958 actually provide is that judgment be rendered on the findings and not necessarily on the pleadings. *Miranda* v. *Cacho*, 66 P.R.R. 521 (1946); *Transportation Authority* v. *Superior Court*, 76 P.R.R. 794 (1954); *Thomas* v. *Pick Hotels Corporation*, 224 F.2d 664 (10th Cir. 1955); *Carter* v. *Baltimore & O. R. Co.*, 152 F.2d 129 (D.C. Cir. 1945); *Long* v. *Lee*, 168 A.2d 536 (Del. 1960); *Magill* v. *Lewis*, 333 P.2d 717 (Nev. 1959); 6 Moore, Federal Practice 1207 *et seq.*, § 54.62 (1953 ed.); 3 Barron & Holtzoff, Federal Practice and Procedure 35, § 1194 (1958 ed.). As stated in Moore, *op. cit.* at 1208:

"While appropriate relief should be granted, this does not include relief as to a matter not made out in the pleadings or proof . . ."

In this case we are met with the difficulty that no damages were pleaded nor claimed, and there is no evidence of any kind on which to assess the amount of damages, if any, sustained by the plaintiff as a result of the nonperformance by Samuel Martín.

The judgment appealed from will be modified by eliminating the award of attorney's fees, and, as modified, it will be affirmed.