JEWETT vs. WEAVER, Adm'r of HORN.

.A right of action against a Sheriff for a false return on an execution, survives against his administrators.

### ERROR to Green Circuit Court.

RICHARDSON & OTTER, *for Plaintiff, insist:*

1st. The County Court has jurisdiction.   See Revised Statutes, page 92.

2nd. The cause of action survives against the administrator under our statute.   See Statute, page 76.

3rd. The cause of action exhibited is sufficient.

HENDRICKS, *for Defendant.*

NAPTON, J., *delivered the opinion of the Court.*

This was a demand originally presented to the County Court of Green County against the estate of Thomas Horn. The written statement 'which was filed in the County Court, set forth in substance the following facts as the foundation of the action: An execution was issued from the 'Green Circuit Court, in which Jewett was the plaintiff, and one Payne defendant, which execution commanded the Sheriff of that County to levy upon the goods and chattels, lands and tenements of said Payne, the sum specified therein, and in the event that property could not be found, to take the body of the said Payne, &c. This execution was returned by Horn, the then Sheriff, to whom it had been directed, with the statement that said Payne could not be found in Green County. This return the plaintiff alleged to be false, and asserted that Payne, whilst the execution was in the hands of said Horn, during the life-time of said Horn, was openly and publicly in the County of Green, and could have been arrested. By reason of this false return, the plaintiff claims from Horn's executor the amount of the execution.

The County Court refused to audit and allow this demand, for reasons which do not appear in the record. The case was removed by appeal to the Circuit Court, where the defendant, Weaver, moved the Court to dismiss the cause for the following reasons :—*First,* because the County

Court had no jurisdiction of said case. *Second*, because the cause of action set forth by the plaintiff, died with the said Horn; and, *lastly*, because the cause of action was not sufficiently set forth. This motion was sustained and the cause dismissed.

We presume the only question in this case which could be considered a debateable one, is the one arising out of the second objection urged in the defendant's motion to dismiss. This question is, whether the present action is one which died with the person, or would survive against the personal representatives. This subject was fully considered by this Court in the case of Higgins vs. Breen, adm'r of McNally, 9 Mo. R. 499 ; and it is unnecessary to repeat what was then said. If the cause of action be admitted to be one which survived against the estate of Horn, there would seem to be no ground for disputing the jurisdiction of the County Court. The provisions of our statute which define the jurisdiction of this tribunal, are so explicit as to leave no room for doubt. As to the insufficiency of the plaintiff's statement, we have not been able to perceive any, and it has not been stated in what particular it is deficient.

The other Judges concurring, the judgment of the Circuit Court will be reversed, and the cause remanded.