THE PEOPLE ex rel. John W. McPherson, Appellee, vs. THE WESTERN LIFE INDEMNITY COMPANY et al. Appellants.

*Opinion filed February 21, 1914.*

1. MANDAMUS—*mandamus is governed by rules of pleading applicable to other actions at law.* The action of *mandamus* is controlled by the rules of pleading applicable to other actions at law.

2. SAME—*a mandamus suit abates with death of the person for whose benefit it is being prosecuted.* A *mandamus* proceeding is in the nature of a personal action, which abates upon the death of the person for whose benefit it is being prosecuted, and it cannot be prosecuted by his personal representatives after his death unless there is a statute providing for the survival of the action.

3. SAME—*when a mandamus proceeding abates, upon death of the relator, in the Appellate Court.* A *mandamus* proceeding to compel a life insurance company to accept certain premium payments from the relator and restore him to his membership and keep his policy of insurance in force abates upon the death of the relator while the case is pending in the Appellate Court, and his wife cannot be substituted as relator although she is the sole beneficiary of the policy.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

THOMAS J. GRAYDON, and HERRICK & HERRICK, for appellants.

INGHAM & INGHAM, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

May 30, 1912, a petition for *mandamus* was filed by John W. McPherson, in the name of the People, praying that a writ of *mandamus* might issue against the Western Life Indemnity Company, its president and secretary, commanding them, and each of them, to accept certain pay-

ments from said McPherson in payment of the premium upon a certain life insurance policy issued by said company and to restore the petitioner to his membership and keep and treat said policy of insurance and contract as in full force and effect during the life of the petitioner, so long as he continued to make the monthly payments as required by said contract. To this petition a general and special demurrer were interposed, which, after a hearing, the court overruled. Appellants stood by their demurrers, and being further ruled to plead, refused to do so, and thereupon judgment was entered against them by default and a writ of *mandamus* was awarded against them as prayed in the petition, with costs. From this judgment an appeal was prayed to the Appellate Court, where the judgment of the trial court was affirmed. A certificate of importance being granted, this appeal was perfected.

Since the case came to this court Laura C. McPherson, the wife of John W. McPherson, has suggested his death and moved that she be substituted, which motion was allowed. It appears from this motion and from the statements in the briefs that John W. McPherson departed this life April 17, 1913, while the case was still in the Appellate Court, but the fact was not called to the attention of that court. The first question presented for our consideration is whether this suit must abate because of his death.

Under the statute and decisions of this court *mandamus* is governed by the same rules of pleading applicable to other actions at law. (*Dement* v. *Rokker,* 126 Ill. 174; *People* v. *Board of Education,* 236 id. 154.) The common law rule was that the death of a party at any stage of the proceedings abated the action. A distinction, however, was made between an appeal and a writ of error, as an appeal divested the judgment of its legal effect, and the rule was, that in such case, if the action was one that did not survive, the whole action would abate before final judgment in the appellate tribunal. (5 Ency. of Pl. & Pr. 786, 793, 794;

1 Comyn's Digest, 71-73; *Green* v. *Watkins,* 6 Wheat.
260.) This court has stated that where a right of action is
so entirely personal that a person, by contract, cannot place
it beyond his control the action will not survive; that, as
a general rule, assignability and survivability of causes of
action are convertible terms. (*Selden* v. *Illinois Trust and
Savings Bank,* 239 Ill. 67.) By our statute on abatement
it is provided that certain actions shall survive the death
of the plaintiff or defendant, but *mandamus* is not referred
to in any way therein; neither is *mandamus* mentioned as
one of the actions that survive, in section 123 of our stat-
ute on administration. It appears from this record that the
wife is the beneficiary under this insurance policy. It is
conceded that she is the only one that could recover under
it and that the representative of the deceased, after his
death, would not have any interest in said policy, hence
the action would not survive "to the heir, devisee, executor
or administrator," under section 10 of the Abatement act.

· Section 8 of our statute on *mandamus* provides that the
"death, resignation or removal from office, by lapse of time
or otherwise, of any defendant, shall not have the effect to
abate the suit, but his successor may be made a party there-
to," etc. We do not find in said statute any other provision
affecting the survival of a *mandamus* proceeding on the
death of any one of the parties. Under the authorities al-
ready cited, a *mandamus* action would not survive on the
death of any of the parties to the action unless so provided
by statute, and that is the settled rule, so far as we are
advised, at the present time in all jurisdictions. "The rules
of law and practice as to abatement by death, etc., in cases
of *mandamus* are the same as in personal actions." (Tap-
ping on Mandamus, 446; Statute of 9 Anne, chap. 20,
sec 1.) Proceedings for *mandamus* being in the nature
of a personal action, it follows, necessarily, that they abate
upon the death of the person in whose behalf they have
been instituted. They cannot, therefore, be prosecuted by

the personal representatives of the relator after his death. (High on Ex. Legal Rem.—3d ed.—sec. 437.) When the relator in a *mandamus* proceeding is a private individual and is the real party in interest, death operates as an abatement of the action. 13 Ency. of Pl. & Pr. 755; 26 Cyc. 420; 1 id. 69; *United States* v. *Boutwell*, 17 Wall. 604.

While a *mandamus* proceeding was pending whereby it was sought to compel the defendant to surrender the office of mayor of the city of Cumberland, Maryland, the petitioner died, and his personal representative sought to prosecute the case in his name on the ground that while the prayer of the petitioner could not be answered by installing him into office, yet his right to the office could be decided and his representative might recover his costs and damages. The court held that the main object of the *mandamus* being to induct the petitioner into office, when that became impossible the right to the writ ceased and all its incidents fell with it, as the accessory follows the principal, and that it would not be proper to entertain the suit for a purpose entirely incidental. .(*Booze* v. *Humbird*, 27 Md. 1.) In this case the main object of issuing the writ was to compel the appellants to restore the petitioner to membership in said insurance company and to keep and treat his policy or contract of insurance in force during his life. It is conceded by counsel for appellee that the only part of the prayer of the petition that could now be enforced would be to compel the appellants to accept and apply on the policy the payments of premium tendered to them before the death of McPherson. The acceptance of this money was a mere incident to restoring the original relator to his membership in the said insurance company and treating his policy as in force. The rights of the present relator, the widow of John W. McPherson, were fixed, under this policy, at the date of the death of her husband. If the husband had a right to be restored to membership in accordance with the allegations of the petition and the judgments of the trial

and Appellate Courts, then the widow would have a right to recover as beneficiary under said insurance policy. On reason and authority it must be held that this action abated on the death of the original relator.    *Cause abated.*