## Loyd Bradley, Administrator, Appellee, v. Federal Life Insurance Company, Appellant.

1. ABATEMENT AND REVIVAL—*Act of Edw. III supplanted by Survival Act.* Section 123 of the Administration Act (J. & A. ¶ 172), as to the survival of actions, has entirely supplanted Act 4, Edw. III, ch. 7, even though such latter act may have been in force in this State at one time.

2. ABATEMENT AND REVIVAL—*when cause of action is not for injury to personalty within Survival Act.* An action against an insurance company for negligence of such company's agent in failing to forward an application for insurance and the first premium payment is not an action for injury to personal property, and does not survive under section 123 of the Administration Act (J. & A. ¶ 172).

3. ABATEMENT AND REVIVAL—*when cause of action is not for personal injuries within Survival Act.* An action against an insurance company for negligence of its agent in failing to forward an application for insurance and a first premium payment does not survive under section 123 of the Administration Act (J. & A. ¶ 172), relating to the survival of actions for an injury to the person.

4. ABATEMENT AND REVIVAL—*when cause of action does not survive.* Where a right of action is so entirely personal that the party in whom it exists cannot by contract place it beyond his control, it will not survive, and as a general rule assignability and survivability of causes of action are controvertible terms.

5. ABATEMENT AND REVIVAL—*when cause of action does not survive.* An action against an insurance company for negligence of its agent in failing to forward an application for insurance together with the first premium payment is not assignable and consequently does not survive.

6. ABATEMENT AND REVIVAL, § 82*—*necessity for pleading grounds for abatement.* An objection which goes merely in abatement of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an action as distinguished from an objection to jurisdiction of the subject-matter must be pleaded to be available.

7. ABATEMENT AND REVIVAL, § 87*—*waiver of matter in abatement by failure to plead.* In an action against an insurance company for negligence of its agent in failing to forward an application for insurance, where the death of the applicant appears upon the face of the declaration, and the defendant files a general demurrer which is overruled and does not by plea or otherwise set up the fact of death in abatement, but only files a plea of the general issue in bar, if the death is considered as matter in abatement it is waived.

8. ABATEMENT AND REVIVAL—*when declaration on nonsurviving action fails to state a cause of action*  In an action against an insurance company for negligence of its agent in failing to forward an application for insurance, where the death of the applicant appears upon the face of the declaration, such declaration fails to state a cause of action and is insufficient, wherefore it is error to overrule a motion in arrest of judgment.

9. ACTION—*when accrues.* A cause of action accrues when facts exist which authorize one party to maintain an action against another.

Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1919. Reversed. Opinion filed March 25, 1920.

C. A. ATKINSON and HERBERT & STEWART, for appellant.

CHARLES E. FEIRICH and OTIS F. GLENN, for appellee; LOYD BRADLEY and LAWRENCE A. GLENN, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The facts out of which it is claimed appellant's liability arises in this case are stated in the declaration which consists of two counts.

The first count alleges in substance that appellant is an insurance company engaged in the business of insuring persons against accidental injuries and death resulting therefrom and employed agents to solicit and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

receive applications; that on May 2, 1917, one F. G. Farnham was an agent of appellant, duly authorized to solicit and receive applications and receive and receipt for first payments thereon on behalf of appellant and that he did then and there solicit one W. H. Fraley to make application for an accident policy to be issued by appellant; that on such solicitation said Fraley did make written application to appellant for an accident insurance policy and paid said Farnham, as agent of appellant, the sum of $7 as first payment on the policy to be issued him upon such application, and that such first payment paid all sums required to keep said policy in force for a period of 3 months from the date of payment; that said application was for a policy insuring said Fraley in the sum of $5,000 against accidental injuries causing his death; that at the time of making such application said Fraley was a desirable and acceptable risk for accident insurance; that it became and was the duty of said Farnham, upon receipt of such application, to forward same together with the said first payment of $7 to the head office of appellant in order that the same might be promptly passed upon and a policy issued him, or the application rejected within a reasonable time; that said agent, notwithstanding his duty in that regard, negligently and fraudulently failed and neglected to forward said application and payment, and as a result thereof no policy was ever issued to said Fraley; that said Fraley was struck by a railroad train and received injuries from which he died on June 29, 1917, and that such injuries and death were effected solely, directly and independently of all other causes through external, violent and purely accidental means and were such injuries as would have been insured against in and by said policy so applied for by said Fraley, and upon which said first payment was made by him, if the same had been forwarded to appellant promptly by said agent, as it was his duty to do, to the damage of appel-

lee as administrator as aforesaid of $6,000. The second count alleges substantially the same facts as the first, except instead of alleging negligence on the part of the agent, it alleges negligence on the part of appellant in failing to take any action upon the application.

To this declaration appellant filed a general demurrer, which was overruled. It then filed a plea of general issue and two special pleas. The first special plea alleged that appellee was not entitled to recover any amount save the first payment of $7, and that said amount had been tendered him. The second special plea alleged Fraley's failure to comply with the following provision of the receipt issued him for his application and first payment, viz.: "Applicants will please notify the company at Chicago, Illinois, should the policy not be received within ten days from date hereof," and relies upon such failure on the part of deceased as a defense. A general demurrer was sustained to both these special pleas, so that the case was tried on the declaration and plea of general issue. The jury returned a verdict against appellant for $5,000. After verdict, appellant entered its motion to dismiss the action for want of jurisdiction, which was overruled. Motions for a new trial and in arrest of judgment were subsequently also overruled and a judgment was entered on the verdict from which this appeal was taken. Appellant offered no evidence and that introduced by appellee established the facts alleged in the declaration. Appellant assigns some twenty-three errors, covering many reasons why it is claimed the judgment should not be permitted to stand, but we find it necessary to discuss only those in which it asserts the suit abated with the death of Mr. Fraley and that therefore there was no right of action in appellee and no cause of action.

It must be borne in mind that this is an action *ex*

*delicto* and not *ex contractu.* Appellee, in support of his contention that the right of action did not abate, relies on chapter 28 of our Revised Statutes (J. & A. ¶ 2222) which is as follows: "The common law of England, so far as the same is applicable and of a general nature, and all statutes or acts of the British parliament made in aid of, and to supply the defects of the common law, prior to the fourth year of James the First, excepting the second section of the sixth chapter of 43d Elizabeth, the eighth chapter of 13th Elizabeth, and 9th chapter of 37th Henry Eighth, and which are of a general nature and not local to that kingdom, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority." His position is that, while under the English law, this right of action would abate, yet if it be considered as an action for injury to personal property, it survives by virtue of Act 4, Edw. III, ch 7, which is, he claims, in force in this State unless repealed, and which provided for the survival of actions concerning injuries to personal property. He also asserts that if it be considered an injury to the person it survives by virtue of section 123 of our Administration Act (J. & A. ¶ 172), which provides: "In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance, of themselves or their deputies, and all actions for fraud or deceit." We think it must be conceded that the section of our statute last quoted has entirely supplanted Act 4, Edw. III, ch. 7, even though the latter may have been at one time in force in this State.

Our Supreme Court has held that "at common law,

actions of tort did not survive the death of the sole plaintiff or defendant. Therefore, if this action (an action *ex delicto*) survives at all, it must be by virtue of some statutory provision." (*Jones v. Barmm*, 217 Ill. 381.) The court in that case, in considering the question whether that action was covered by section 123 of the Administration Act (J. & A. ¶ 172), held that: "If the case comes under any provision of the statute, it must be the one with reference to actions to recover damages for an injury to personal property." This would seem tantamount to holding that section 123 of the Administration Act (J. & A. ¶ 172) is the only authority in this State for the survival of actions in tort to recover damages for injury to personal property. If so, then is the instant case such an action for injury to personal property as is contemplated by that section? The case of *Jones v. Barmm, supra,* was an action by Jones to recover from Barmm damages for hindering, injuring and interfering with Jones' business. After commencement of the suit, Barmm died. The sole question was whether or not the action was one which survived. Following the language last above quoted from that case the court said: "Taking into consideration the well-known meaning of the term 'personal property' and the connection in which it is used in the statute, we are of the opinion that it was not the intention of the legislature that it should be applied to the right of action occasioned by the malicious interfering by one person with the business of another, but was intended to apply only to actions for damages to tangible articles and things movable, to chattels, as distinguished from actions for damages to one's business." It cannot be seriously contended that the present suit is any more an action for "damages to tangible articles" or "to things movable" or "to chattels" than was the case last cited. Clearly under this authority the present case must be held not to be an action for injury to personal property, and therefore

does not survive by virtue of that portion of section 123 of the Administration Act (J. & A. ¶ 172) which provides for the survival of actions for an injury to personal property. Is it then an action for injury to the person as contemplated by that statute? The Appellate Court for the First District in the case of *Denslow v. Hutchinson,* 152 Ill. App. 502, held: "We are of the opinion that the words 'actions for damages for an injury to the person' in the statute extend to and include only actions for damages to the person of a physical character." The suit at bar is certainly not an action "for damages to the person of a physical character." If this doctrine is correct the instant case does not survive then by that portion of section 123 of the Administration Act (J. & A. ¶ 172) relating to the survival of actions for an injury to the person. The only actions other than actions for damages to the person or to personal property which are declared to survive by that section are actions for replevin, for injury to real property, for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud and deceit. It is not and could not be claimed that any of these cover the present case. Our Supreme Court has held: "Where a right of action is so entirely personal that the party in whom it exists cannot by contract place it beyond his control, it will not survive, * * * and that, as a general rule, assignability and survivability of causes of action are convertible terms" (*Selden v. Illinois Trust & Savings Bank,* 239 Ill. 67; *People v. Western Life Indemnity Co.,* 261 Ill. 513). Beyond any doubt, the cause of action in the present case was not assignable. If not, then to hold that it survived would be in violation of that announced and established doctrine of the courts of this State.

In *People v. Western Life Indemnity Co., supra,* it was held a petition for mandamus to compel an insur-

ance company to accept premiums and restore the petitioner to membership abated upon the death of the petitioner during the pendency of the suit. Regardless of what the courts of other States have held, it appears plain to us that under the rules of law laid down by the courts of appeal of this State, the right of action in this case did abate on the death of Fraley, and we must so hold. It is contended by appellee that even though this right of action did abate, appellant is in no position to raise that question in this court, for the reason that such a defense should have been pleaded in abatement, and that pleas in abatement must be interposed at the earliest opportunity and before pleading matters in bar. If this is a matter in abatement in the ordinary acceptation of that term, appellee's contention is well taken. It is the well-established rule that: "Any objection which goes merely in abatement of an action as distinguished from an objection to jurisdiction of the subject-matter, to be available at all, must be pleaded or otherwise presented to the court in the mode and at the time required by the law or it will be waived." Corpus Juris, vol. 1, page 254, note 42. If the objection appears upon the face of the record, and does not go to the jurisdiction of the court over the subject-matter, it may be taken advantage of by demurrer specially on that ground or by motion. Corpus Juris, vol. 1, page 256, notes 57-62. It also seems that such matter in abatement cannot be pleaded after filing a general demurrer, even though the demurrer has been overruled. Corpus Juris, vol. 1, p. 260, notes 79 and 80. The death of Fraley appeared upon the face of the declaration, appellant filed a general demurrer which was overruled and did not by plea or otherwise set up the fact of the death in abatement, but filed only a plea of the general issue in bar. So if the death of Fraley be considered as matter in abatement, it must be considered as waived under the above authorities, but the ques-

tion at once arises whether the fact of the death is strictly a matter to be taken advantage of by demurrer, motion or plea in abatement, or by plea in bar.

Pleas in abatement are defined by our Supreme Court as follows: "Pleas are divided into two general classes, viz., dilatory and peremptory, otherwise designated as pleas in abatement and pleas at bar. A plea in abatement is defined to be a plea that, without disputing the justness of the plaintiff's claim, objects to the place, mode or time of asserting it, and requires that therefore, and *pro hac vice,* judgment be given for the defendant, leaving it open to renew the suit in another place or form, or at another time; while to the second class belong all those pleas having for their object the defeating of the plaintiff's claim. Hence, a plea in bar of the action may be defined as one which shows some ground for barring or defeating the action, and makes prayer to that effect. Pleas in bar and pleas in abatement have, therefore, this marked distinction: Pleas in bar are addressed to the merits of the claim and as impairing the right of action altogether, whereas pleas in abatement tend merely to divert, suspend or defeat the present suit." (*Pitts Sons' Mfg. Co. v. Commercial Nat. Bank,* 121 Ill. 582.) This same definition is given by Corpus Juris in volume 1, at page 26. If the contention in this case was that upon the death of Fraley the action in his name abated and the suit should have been brought in the name of his personal representative or some other person, or in some other manner or in some other form, then that would be matter in abatement within the above definition. But the contention is that the right of action, if any ever existed, abated and does not now exist in any one, but is barred and defeated altogether, and that contention under the above definition involves matter in bar of the action. That being true, the next question is, has appellant saved that question for review by this court? The death of Fra-

ley appears upon the face of the declaration, so that if the right of action did thereby abate, the declaration shows no right of action in appellee. "If a declaration is so totally defective as not to support the judgment, that may be availed of by a motion in arrest, even after a demurrer thereto has been overruled, and the defendant has pleaded over. By the motion in arrest in this case, the sufficiency of the declaration to sustain the judgment is therefore directly presented." (*Stearns v. Cope,* 109 Ill. 340; *Henning v. Sampsell,* 236 Ill. 375.)

A declaration which fails to state a "cause" of action is insufficient to support a judgment. (*Walters v. City of Ottawa,* 240 Ill. 259.) Does a declaration which fails to state a "right" of action, as does the one in this case, fail to state a "cause" of action? This question is discussed and disposed of as follows in the case last referred to: "'Cause of action' includes every fact necessary for the plaintiff to prove to entitle him to succeed—every fact that the defendant would have a right to traverse. It has been said to be the right to prosecute an action with effect. (*Patterson v. Patterson,* 59 N. Y. 574.) The terms 'right of action' and 'cause of action' are equivalent expressions. (*Clark v. Southard's Heirs,* 16 Ohio St. 408.) 'By this phrase (cause of action) is understood the right to bring an action, which implies that there is some person in existence who can assert and also a person who can lawfully be sued. * * * There is no cause of action until the claimant can legally sue.' (Bouvier's Dict. title "Cause of action.") * * * If he have no legal right to sue, he has not merely a bad cause of action, but no cause of action.' (*Parker v. Enslow,* 102 Ill. 272.) A cause of action accrues when facts exist which authorize one party to maintain an action against another. (*Davis v. Munie,* 235 Ill. 620.) It is not possible for one at the same time to have a cause of action and not to have the right to sue." It

must follow, under the authorities above cited, that the declaration in this case fails to state a "cause" of action and is insufficient to support the judgment, consequently it was error to overrule the motion in arrest of judgment, and because of that error the judgment should be reversed.

In reaching the conclusions herein set forth, we have not been unmindful of the case of *Duffie v. Bankers' Life Ass'n of Des Moines,* 160 Iowa 19, 46 L. R. A. (N. S.) 25, 139 N. W. 1087, upon which appellee relies to a large extent, and in which the facts are very similar to the facts in this case. In that case the question of the survival of the right of action does not seem to have been raised although the question of the proper party plaintiff was. The court there recognized that the action was based upon negligence towards the deceased and was for an injury to him, and held that his representative was the proper party to bring suit. This was in effect holding that deceased's right of action in tort survived to his personal representative. Whether such a right of action survives to the personal representative of a deceased person, who has suffered an injury, is a matter of statutory regulation and the statutes of this State as interpretated by our courts of appeal do not, as we have above seen, establish such a right.

For the reasons stated herein, the judgment of the trial court will be reversed, and as in our opinion no action can be maintained by appellee upon the undisputed facts, the cause will not be remanded.

*Reversed.*