STATE OF MISSOURI EX REL. PRESTON R. AKE, APPELLANT, v. KANSAS CITY, MISSOURI, ET AL., RESPONDENTS.*

Kansas City Court of Appeals. July 6, 1926.

*Corpus Juris-Cyc References: Abatement and Revival. 1CJ, p. 215, n. 77, 84; Mandamus, 38CJ, p. 578, n. 33; Officers, 29Cyc, p. 1422, n. 30.

*John I. Williamson, Darius A. Brown* and *John G. Park* for appellant.

*John T. Barker* and *Marcy K. Brown, Jr.* for respondent.

ARNOLD, J.—This is a proceeding in mandamus seeking the reinstatement of a public officer upon the payroll, and to compel the pay-

ment of salary after alleged unlawful discharge. The only question presented for our consideration is, Will a mandamus proceeding survive the death of such officer?

Briefly stated, the material facts are that Preston R. Ake was a fireman at the general hospital in Kansas City, Mo., holding said position under the provisions of the city charter relating to civil service. In July, 1923, Ake instituted this proceeding in mandamus to effect his physical reinstatement to the position of fireman at said hospital from which he alleged he had been illegally discharged. The proceeding was submitted to the court below on July 8, 1924.

The record shows that on July 31, 1924, Preston R. Ake was granted leave to amend his petition and alternative writ by interlineation to correspond with the evidence, and defendants were given leave to introduce further evidence. The cause was then continued to September 2, 1924. On October 10, 1924, said relator was granted leave to file an amended petition, which was done on October 15, and the court, thereupon, issued an amended alternative writ. Thereafter, relator, in an attempt to secure the making up of the issues and to procure a hearing thereon, filed a motion for judgment on the pleadings, motion to require filing of return and other motions on the pleadings; a motion to require filing of return and other motions not material here.

On August 9, 1925, relator Preston R. Ake died, without the issues of his cause ever having been tried. On September 8, 1925, the executor of the Preston R. Ake estate obtained a preliminary order of revivor, substituting his own name as relator. As executor, relator herein also obtained leave to file an amended petition and sue out an amended alternative writ and the cause was ordered revived unless the defendants as provided by section 1348, Revised Statutes 1919, should show sufficient cause to the contrary, on or before the fourth day of the ensuing term.

The amended alternative writ, filed as stated on September 8, 1925, incorporates and includes the amended petition. Within the time prescribed, to-wit, September 17, 1925, defendants appearing for that purpose alone filed their motion to set aside the order of revivor, to dismiss the petition and abate the cause, upon the ground that the same "did not survive or continue upon the death of said Preston R. Ake, relator." The said motion, among other things recites:

"Come now the above named defendants and appear specially for the purposes of this motion only and show to the court that prior to August 9, 1925, there was pending in this court the cause entitled State of Missouri, at the relation of Preston R. Ake, relator, v. Kansas City, Missouri, et al., defendants, No. 187,687, wherein said relator claimed that on or about the 22d day of May, 1922, the Hospital

and Health Board of Kansas City unlawfully attempted to discharge relator from the position of Fireman, General Hospital; that said board has ever since unlawfully excluded relator from said position and refused to allow him to perform the duties thereof; and refused to pay him the salary of said position after May 22, 1922; and wherein said relator prayed that he be restored to said position and that the salary of said position be paid to him up to the date of restoration; that an alternative writ was issued by this court requiring. defendants to do the things prayed in relator's petition, or to show cause why the same should not be done.

"That on the 8th day of September, 1925, without the voluntary appearance or consent of the defendants, the court made an order that Earl M. Ake, executor of the Estate of Preston R. Ake, be substituted as relator unless the defendants, on or before the fourth day of the next term of court, show good cause to the contrary, and that amended alternative be issued.

Defendants further show the court that said cause of action did not survive or continue upon the death of said Preston R. Ake, relator, and that by reason thereof the court is without authority to order that this action be continued by the representative or successor of said relator, Preston R. Ake, and the second amended petition heretofore filed in this cause in the name of State of Missouri at the relation of Earl M. Ake, executor of the estate of Preston R. Ake v. Kansas City, Missouri et al., has been filed without legal authority and the second amended alternative writ issued thereon is invalid and without force and effect.

The prayer incorporated in said motion asks (1) that the order of the court made and entered on September 8, 1925, substituting Earl M. Ake as executor of the Estate of Preston R. Ake, as relator in this cause, be vacated, set aside and for naught held; (2) that the second amended petition filed in the cause by Earl M. Ake, executor aforesaid, be stricken from the files, and the second amended alternative writ issued thereon be quashed; and (3) that the cause be abated.

There was a hearing on said motion on November 28, 1925, and the same was sustained, to which ruling of the court relator excepted. A timely motion to set aside said order of abatement was filed and on January 9, 1926, the same was overruled. From this ruling, relator has appealed.

There are two assignments of error (1) the court erred in sustaining defendants' motion to set aside the order reviving the cause; and (2) the court erred in overruling relator's motion to set aside order abating the action. These assignments are so closely related that they will be considered together.

Defendants neither submitted briefs nor exercised their right to argue the case orally in this court; and we are, therefore, unadvised

of defendants position in respect to the errors of the trial court, embraced in the assignments above stated other than what we may glean from the record.

It is relator's contention that under the provisions of section 1346, Revised Statutes 1919, "no action shall abate by the death . . . of a party if the cause survive." From this language of the statute it appears that it clearly prohibits the abatement of any action wherein the cause of action survives, and requires the revivor of every survivable cause of action. It is urged, and properly so, we think, that in enacting this statute it was the clear intent of the Legislature to avoid the common-law process of abatement and institution of action, and instead to bring in the personal representative of the deceased party and thus continue the original action, if the cause of action survived, or might have been continued. The Supreme Court in the case of Carlisle v. Rawlings, 18 Mo. 166, 169, on this point stated:

"If the suit was abated, and the plaintiff compelled to begin again, he would recover only what he will recover in this action; and the end to be obtained by putting him out of court cannot be discerned. The spirit of the acts above referred to has removed the technical ground which, at common law, would abate the suit."

So that we must conclude that whether the action survives is determined by the survivability of the cause of action. The general rule in this respect is laid in 1 C. J., pp. 215, 216. Decisions in this State to the same effect are: Kingsbury v. Lane, 17 Mo. 216; Jewett v. Weaver, 10 Mo. 234; Brewington v. Stevens, 31 Mo. 38. This being the rule, the remaining question for our determination is, Did the cause of action herein survive?

In the consideration of this point, it is well to have in mind the fact that the suit of Preston R. Ake sought not only physical reinstatement to the position from which he is alleged to have been illegally discharged, but also for the emoluments thereof, during the period of his alleged illegal discharge. Section 93, Revised Statutes 1919, provides:

"Executors and administrators shall collect all money and debts of every kind due deceased . . . and prosecute actions which may be maintained."

Section 96: "Executors and administrators shall prosecute . . . all actions commenced by . . . the deceased at the time of his death, and which might have been prosecuted or maintained by or against such executor or administrator."

Section 97: "For all wrongs done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in

the same manner and with like effect, in all respects, as actions founded upon contract.''

Now, keeping in mind that Preston R. Ake sought reinstatement to the payroll and pay for the time during which he was kept out of such position, we find it was held by the Supreme Court in State ex rel. v. Sheppard, 192 Mo. 497, 510, that the right to salary is a property right. The court said:

''Speaking to the point in hand, Judge ANDREWS in Nichols v. Maclean, 101 N. Y. l. c. 533, aptly says: 'But within these acknowledged limits, the right to an office carries with it the right to the emoluments of the office. An office has a pecuniary value, although primarily it is an agency for public purposes.' So that, given that one but 'reads his title clear' to a public office, he may not be rudely cast out from its *solatium*, its emoluments, except on due process and by the rigor of penalties denounced by positive law.''

Under these authorities it is clear that the personal representative may sue and show all facts necessary for recovery. The question at issue in the original action of Preston R. Ake was, Did the city owe him any money? And this question was undetermined at his death. It was, therefore, the duty of the executor of his estate to collect the same if decedent was entitled thereto.

It is clear that a simple suit for money might have been maintained by the executor, but a suit for money judgment only would not fit the situation here presented. The difference lies in this: That the executor herein must establish decedent's right to reinstatement during the period between his alleged illegal discharge and his death; and he is entitled to mandamus to compel defendants to take the necessary steps required by law to pay the amount of his salary which the law fixes. Section 98, Revised Statutes 1919, defines the only non-surviving causes of action as follows:

''Last section not to extend to what actions—The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator.''

It is seen that the cause of action herein does not come within the exceptions named in this statute. The exceptions specified in said section have been further reduced by the elimination of assault and battery from the excepted list. [Primm v. Schlingmann, 212 Mo. App. 133, 253 S. W. 469.] Section 4231, Revised Statutes 1919, expressly continues and revives after death of plaintiff all actions of personal injury not resulting in death, actions in tort causing death, and they are made litigable under sections 4217 and 4219, Revised Statutes 1919. Hence it will be seen that the only causes of action which are necessarily and in all circumstances abated by the death

of an injured party are those for personal injuries upon which suit has not been brought; actions affecting reputation, such as slander, libel or false ·imprisonment. Physical restoration to the position of which decedent is alleged to have been illegally deprived need not be demanded to entitled relator to mandamus. This point was definitely settled by this court in State ex rel. Wingfield v. Kansas City, 263 S. W. 516. See that case for further dicussion of these points, and the cases therein cited.

Under the law and the rulings about referred to, it must be held that the case at bar is not within the statutory excepted classes but is within the cases aided by the statute. The judgment is accordingly reversed and the cause remanded. *Bland, J.,* concurs; *Trimble, P. J.,* absent.