THE STATE OF DELAWARE, ex rel. Harry Sloan, *v.* JOHN C. HAZZARD, ET AL., composing the Council of the City of Wilmington.

(*October* 21, 1933.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*H. Albert Young* for relator.

*Josiah Marvel, Jr.,* and *John J. Morris, Jr.,* for respondents.

Superior Court for New Castle County, No. 212, May Term, 1933.

LAYTON, C. J., delivering the opinion of the Court:

On July 17 last Harry Sloan, the relator, filed a petition in this Court, alleging that he was a candidate for the office of Councilman for the third ward in the City of Wilmington at the Municipal election held on the third day of June, 1933; that upon a canvass of the vote, his opponent, James A. Hoopes, one of the respondents, was declared elected and was seated in the Council as the duly elected member thereof from said ward; that he, the relator, claimed to have been elected, and desired to contest the election of his opponent, and under the Statute governing such contests filed his petition with the Council alleging mistakes in the certificates delivered to the Council by the

Election Officer as to the number of votes cast for him and for his opponent, and praying that the ballot boxes be opened in certain election districts of the ward, the ballots recounted, and the mistakes corrected.

The relator, averring compliance with the Statute, alleged, that although the Statute requires the Council to fix a day for hearing and determination of the matter, yet, that the Council failed so to fix such day, and took no action upon his petition; wherefore, a writ of Peremptory Mandamus was prayed, directed to the respondents, requiring them to fix a day for such hearing, to open the ballot boxes in the several districts and to make a re-count of the ballots.

On July 28, Counsel for the relator caused the suggestion of the death of the relator and the admission of his administratrix as party relator to be entered of record.

On the same day, it was moved on behalf of the respondents that the proceedings be dismissed for the reason that the relator had died on July 18.

The Respondent, Hoopes, on the same day, filed a separate answer, the averments of which need not be considered.

The question for determination is whether the cause of action survived the death of the relator under *Revised Code*, § 4154, which provides that all personal actions, with certain exceptions, shall survive to and against executors or administrators.

The statute authorizing the contest of elections of municipal officers in the City of Wilmington is 19 *Laws of Delaware, Chapter* 727, § 27; *Charter, Laws and Ordinances of the City of Wilmington*, 413. The material part of this Statute reads as follows:

"If any candidate for any of the offices before mentioned shall choose to contest the right of any person claiming to have been elected to such office, such candidate shall, within thirty days next after such election, cause to be presented to the said Council of Wilmington, his petition, in writing, setting forth particularly the grounds and specifications upon which said election is contested,

together with an affidavit that such petition is not for the purpose of vexation and delay but that he does verily believe that he has just grounds for contesting such election; and shall also, at the same time, cause to be delivered to the person whose election is contested, a true copy of such petition. Upon the filing of such petition and affidavit the Council shall appoint a day, not less than ten nor more than fifteen days from the filing of such petition and affidavit the hearing and determining the same, giving public notice thereof in two newspapers published in the City of Wilmington, if so many be published at that time, and upon the day appointed for such a hearing the said city council shall sit in the city hall, in the presence of such citizens and others as may choose to be present, shall hear the allegations and proofs of the party, and shall determine according to the very right of the matter."

It is clear that the relator instituted the proceeding under the Statute, for the purpose of having himself inducted into the office of Councilman; and it is also clear that no person, other than a defeated candidate for municipal office, may invoke the aid and authority of this Statute.

The right of action of the relator was to compel a re-count of the ballots to establish his right to exercise the powers and duties of the office. These powers and duties are, of course, incident to the office and are not delegable.

The cause of action does not survive. *Booze v. Humbird,* 27 *Md.* 1.

Salary might follow as a result of the contest, it is true, but only as an incident to the office and not by force of the judgment to be rendered. 9 *R. C. L.* 1172.

As a general test an executor or administrator cannot come in and prosecute a suit unless he was in a position to have commenced a like suit if one had not been instituted by his testator or intestate. *Gantt v. Brown,* 244 *Mo.* 271, 149 *S. W.* 644, *Ann. Cas.* 1913D, 1283; 1 *Cyc.* 49; 9 *R. C. L.* 1172.

*State ex rel. Brumley v. Jessup & Moore Paper Co.,* 3 *Boyce* 118, 80 *A.* 350, decides that the right of action of a relator to compel, by mandamus, examination of corporate books to ascertain value of stock is such a property right or interest as will survive the death of the relator under the

Statute; but the reasoning of the Court and its comment upon the authorities cited, particularly, *Booze v. Humbird*, 27 *Md.* 1, *supra*, impels to the conclusion that the right of action presented herein does not survive.

After the relator's death the office of member of Council could not be delivered to his administratrix, and the writ of mandamus will never be directed to be issued when it will avail nothing.

The proceeding must be dismissed, and it is so ordered.