Wiltjams, J.
 

 The sole question presented is whether the appellant Helen Ahrens was entitled to have the proceeding in mandamus revived in her name, as administratrix and individually, upon the death of relator.
 

 At common law an action at law abated on the death of the sole plaintiff and if the cause of action did survive the only way that the right of action could be asserted was by the commencement of a new action.
 

 This rule has been changed by statute in this state. Section 11397, General Code, provides: “Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party.”
 

 Since it is not “otherwise provided” by statute, a pending proceeding in mandamus does not abate by the death of either party; but the above section must be construed with Section 11235, General Code, which
 
 *425
 
 indicates -what causes of actions survive, and Sections 11401 and 11407, General Code, which have reference to the revivor of actions. These various sections which are a part of the Code of Civil Procedure have application to a proceeding in mandamus by virtue of Section 12295, General Code, which reads: ‘ ‘ The pleadings shall have the same effect, must be construed, may be amended, and issues of fact made by them must be tried, and further proceedings' thereon had, in the same manner as in civil actions.”
 

 Although a proceeding in mandamus does not
 
 ipso facto
 
 abate by the death of the relator, the suit cannot proceed unless the action or proceeding is revived pursuant to the enactments in the Code of Civil Procedure relating to revivor. We then come face to face with these provisions:
 

 Section 11401, General Code, provides: “If before, judgment, one of the parties' to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatives or successors.”
 

 Section 11407, General Code, provides: “Upon the death of the plaintiff the action may be revived in the name of his representatives to whom his right has passed. If his right has passed to his personal representative, the revivor shall be in his' name; and if to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names.”
 

 ■ It is plain that the language quoted allows a revivor if the right of action survives in favor of relator’s personal representative or successor, or in favor of his heirs or devisees who could support the action if brought anew. There is no express provision in Ohio to the effect that an action cannot be revived if the right of action does not survive; but essentially such an implication arises from the language employed in
 
 *426
 
 Sections' 11401 and 11407. If the right of action does not survive, revivor would be a vain thing, for the substituted relator could show no title in the cause of action and the proceeding would necessarily fail. Since the law does not require the doing of a vain thing the conclusion is inevitable that a cause cannot be revived if the right of action does not survive.
 

 This view is in accordance with the language used in the opinion in
 
 Chilcote, Gdn.,
 
 v.
 
 Hoffman,
 
 97 Ohio St., 98, at page 102, 119 N. E., 364, L. R. A. 1918D, 575: “The purpose of this section of our code [Section 11397] is to prevent the useless annoyance, delay, cost and expense of bringing a new action where the cause of action survives. Certainly it was not the legislative intent that a pending action should not abate by the death of a party, where the cause of action does not survive his death. Such a construction would render the statute ridiculous. A pending action cannot survive the cause of action upon which the action itself is predicated.”
 

 It remains only to determine whether the right of action survived.
 

 Section 11235, General Code, provides: “In addition to the causes which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.”
 

 In determining whether the cause survives it is therefore necessary to apply the principles of the common law.
 

 In a mandamus proceeding the relator seeks a writ to compel respondent to perform a duty specially enjoined by law. If on death of the relator the respondent still owes the same legal duty in the same way to one who may be substituted' for the deceased relator, then the action survives.
 

 In keeping with this principle it has been held that
 
 *427
 
 when a relator prosecutes his proceeding as a public official, on his death his successor in office may be substituted as relator.
 
 Felts
 
 v.
 
 Memphis,
 
 39 Tenn. (2 Head), 650;
 
 County Commrs. of Columbiana County
 
 v.
 
 Bryson,
 
 13 Fla., 281;
 
 Hardee
 
 v.
 
 Gibbs,
 
 50 Miss., 802. Likewise if relator’s cause of action involves property rights which pass to another upon relator’s death and there is an enforceable duty resting on respondent which continues unimpaired in favor of relator’s successor in interest, the latter may be substituted as relator.
 
 State, ex rel. Matheny,
 
 v.
 
 County Court of Wyoming County,
 
 47 W. Va., 672, 35 S. E., 959;
 
 State, ex rel. Brumley,
 
 v.
 
 Jessup and Moore Paper Co.,
 
 26 Del. (3 Boyce), 118, 80 A., 350. On the other hand a right of action, purely personal to the relator, does not survive, for obviously if there is no person other than the relator who could assert the right of action the right dies with him and the cause cannot proceed further.
 
 People, ex rel. Sherwood,
 
 v.
 
 Bd. of Canvassers,
 
 129 N. Y., 360, 29 N. E., 345;
 
 People, ex rel. McPherson,
 
 v.
 
 Western Life Indemnity Co.,
 
 261 Ill., 513, 104
 
 N.
 
 E., 219, 35 Ann. Cas. (1915A), 266;
 
 Booze
 
 v.
 
 Humbird,
 
 27 Md., 1.
 

 The right of relator, Roy Aherns, to the position of patrolman was' peculiarly personal to him. Counsel for appellant concede the proceeding to be personal in so far as reinstatement is concerned but maintain that the relator, Roy Ahrens, sought not only restoration to his position as patrolman but also payment of salary for the period after he was forced out of his position. The pith of appellant’s contention is that the right of action to compel payment of salary survives to her as administratrix. The theory of appellant’s counsel is that Roy Aherns had never ceased to be a member of the police force, that the right to receive back salary was a property right and although the right of the widow to participate in the police pension fund is not
 
 *428
 
 directly before this court, it is necessarily dependent on the outcome of this case.
 

 The respondents rely upon
 
 People, ex rel. McPherson,
 
 v.
 
 Western Life Indemnity Co., supra); State, ex rel. Brumley,
 
 v.
 
 Jessup and Moore Paper Co., supra; Booze
 
 v.
 
 Humbird, supra; State, ex rel. Sloan,
 
 v.
 
 Hazzard
 
 (Del. Superior Ct.), 171 A., 454.
 

 While these cases are helpful they are not strictly in point; in fact no decisions of courts of last resort have been cited to us in which the precise question presented here has been decided and wé have not been able to find any.
 

 The following facts are alleged in the amended petition. Cleveland is a charter city and the deceased relator for many years was under the classified civil service as' a patrolman. The provisions of the city charter which are set forth show that for a certain specified misconduct, a policeman may be suspended pending hearing; and if on hearing the charge should be sustained, he could be further suspended, reduced in rank or dismissed.
 

 It is further set forth that force was used upon the relator because of some real or supposed misconduct on his part and the chief of police told him that he would have to resign or he'would be suspended; thereupon he resigned, it is pleaded, by reason of threats and duress.
 

 The case differs from one in which there is a wholly void and illegal removal. The resignation was
 
 prima facie
 
 valid and until it was set aside by adjudication the relator did not have a clear legal right to the salary and the respondents were under no duty to pay it.
 

 It is pleaded in the amended petition that relator withdrew his resignation, but this withdrawal would not be sufficient in itself to nullify the resignation once given and accepted.
 

 Under the circumstances, no property right in the
 
 *429
 
 salary, enforceable by mandamus, passed to tbe administratrix on tbe demise of tbe relator; consequently there was no right of action which survived and the proceeding could not be revived.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Myers and Gorman, JJ., concur.