ROSEMARIE S. WALTER, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF QUINCY SCHOOL DISTRICT NO. 172, ADAMS COUNTY, Defendant-Appellee.

Fourth District    No. 16607

Opinion filed April 16, 1981.

CRAVEN, J., dissenting.

Gregory N. Freerksen and Lawrence A. Poltrock, both of DeJong, Poltrock & Giampietro, of Chicago, for appellant.

William J. Dieterich, of Quincy, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Does a pending *mandamus* action survive the death of the petitioner?

No.

The plaintiff, a tenured teacher in defendant's school system, was honorably dismissed at the end of the 1977-78 school year.

On February 28, 1978, plaintiff filed a petition for a writ of *mandamus*, asking the trial court to declare her dismissal to be in violation of section 24—12 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—12) and to issue a writ of *mandamus* requiring defendant to reinstate her. The petition also sought "any and all actual and compensatory losses and damages" arising out of her dismissal, as well as $10,000 in punitive damages.

After an evidentiary hearing, the trial court denied plaintiff's petition, and she appealed. On February 4, 1981—the day that this case was set for oral argument—plaintiff's attorney filed with this court a document entitled "Suggestion of Death and Substitution of Parties." The document stated that plaintiff had died in November 1980 and asked that her executor be substituted as the plaintiff in this case. Pursuant to our request, plaintiff's attorney subsequently filed a document which stated that plaintiff's death had occurred on November 7, 1980. We also asked the parties to submit supplemental briefs addressing the issue of the survivability of this action.

■■ The issue before us is whether to allow the motion for substitution. In cases in which a plaintiff's cause of action survives his death, plaintiff's personal representative is a proper party to pursue the action, and a court should grant a motion to substitute the representative as plaintiff. (Ill. Rev. Stat. 1979, ch. 110, par. 54(2).) But if the cause of action does not survive plaintiff's death, the cause abates and no action is left before the court in which the representative can be substituted. Thus, to dispose of the motion for substitution, we first must determine whether a *mandamus* action survives a plaintiff's death.

■■ A writ of *mandamus* will not issue to compel performance of a fruitless, nugatory act. (*People ex rel. Cassidy v. Fisher* (1939), 372 Ill. 146, 22 N.E.2d 937.) Thus, even plaintiff's attorney concedes that the *mandamus* action abated at plaintiff's death insofar as the prayer for reinstatement as a tenured teacher is concerned. See *Hannon v. Harper* (1908), 9 Cal. App. 260, 98 P. 685; *State ex rel. Tobin v. Sweeney* (1942), 139 Ohio St. 625, 41 N.E.2d 701.

It is contended, however, that the prayers for damages survive plaintiff's death and that the case can therefore be pursued by the executor to that extent. Courts have seldom been called upon to decide the issue of whether a prayer for damages, contained within a petition for a writ of *mandamus*, survives a plaintiff's death. But even the few decisions on the subject have developed contrary lines of authority. Cases suggesting that such actions survive include *State ex rel. Ake v. Kansas City* (1926), 221 Mo. App. 784, 288 S.W. 85, *Levitch v. Board of Education* (1926), 216 App. Div. 391, 215 N.Y.S. 309, *rev'd on other grounds* (1926), 243 N.Y. 373, 153 N.E. 495, *People ex rel. Fairchild v. Commissioners of the*

*Department of Fire & Buildings* (1887), 105 N.Y. 674, 12 N.E. 179, and *Cain v. Stucker* (1946), 159 Pa. Super. 466, 48 A.2d 162.

We feel bound, however, by the contrary line of cases, for that is the approach followed by our supreme court in *People ex rel. McPherson v. Western Life Indemnity Co.* (1914), 261 Ill. 513, 104 N.E. 219. In that case, McPherson filed a petition for a writ of *mandamus* requiring defendant to accept premium payments from McPherson for a certain life insurance policy and to restore McPherson's membership and keep the policy in force during his life, provided he continued to make payments. McPherson died while the case was on appeal.

The court observed that a *mandamus* action is treated like other actions at law and that if a cause of action is so personal that a party could not assign it during life, then it cannot survive to his representatives at death unless a statute specifically provides for its survival. The court noted that the statutes on abatement and on estate administration provided for survival of certain actions but that *mandamus* was not mentioned in either statute as an action that survives. Section 8 of the Mandamus Act provided, *inter alia*, for the survival of a *mandamus* action upon the death of a defendant, his successor in office being a proper party. However, the Act made no provision for survival if a plaintiff died. The court said:

> "Proceedings for *mandamus* being in the nature of a personal action, it follows, necessarily, that they abate upon the death of the person in whose behalf they have been instituted. They cannot, therefore, be prosecuted by the personal representatives of the relator after his death. (High on Ex. Legal Rem.—3d ed.—sec. 437.) When the relator in a *mandamus* proceeding is a private individual and is the real party in interest, death operates as an abatement of the action. [Citations.]" (261 Ill. 513, 515-16, 104 N.E. 219, 220.)

As to the survivability of an attendant prayer for damages, the *McPherson* court noted that under the authority of *Booze v. Humbird* (1867), 27 Md. 1, if a *mandamus* petitioner dies, the *mandamus* action also dies, as do the "incidents" of that action. The court concluded:

> "In this case the main object of issuing the writ was to compel the appellants to restore the petitioner to membership in said insurance company and to keep and treat his policy or contract of insurance in force during his life. It is conceded by counsel for appellee that the only part of the prayer of the petition that could now be enforced would be to compel the appellants to accept and apply on the policy the payments of premium tendered to them before the death of McPherson. The acceptance of this money was a mere incident to restoring the original relator to his membership in the

said insurance company and treating his policy as in force." (261 Ill. 513, 516, 104 N.E. 219, 220.)

The court thus held that the entire case had abated. See also *State ex rel. Sloan v. Hazzard* (Del. Super. 1933), 36 Del. 107, 171 A. 454; *State ex rel. Ahrens v. City of Cleveland* (1938), 133 Ohio St. 423, 14 N.E.2d 351.

The statutory scheme relied upon in *McPherson* has changed very little in the intervening 67 years. The statute on abatement has been repealed, but our statute on estate administration still does not provide for the survival of *mandamus*. (Ill. Rev. Stat. 1979, ch. 110½, par. 27—6.) Section 8 of the Mandamus Act (Ill. Rev. Stat. 1979, ch. 87, par. 8) has remained unchanged, and no other section of the Mandamus Act provides for survival in case of a plaintiff's death.

■■ We therefore regard *McPherson* as controlling this case. When plaintiff filed her petition for a writ of *mandamus*, her main concern obviously was with being reinstated in her position. The collection of damages was only a secondary, incidental matter—as shown by the fact that she produced no testimonial or documentary evidence of her salary in her last year of teaching or the salary she would have received had she not been dismissed. Being incidental, then, the prayer for damages died with the plaintiff.

Our decision to follow the rule of the *McPherson* case is not premised upon a blind, slavish conformity to aged precedent. Rather, we observe that the Illinois survival statute has a markedly different structure from the statutes being construed in the cases holding that a damages prayer in a *mandamus* petition survives the plaintiff's death. Our statute provides:

> "In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article VI of 'An Act relating to alcoholic liquors.' " (Ill. Rev. Stat. 1979, ch. 110½, par. 27—6.)

This section is so structured as to exclude from survivability all actions not specifically referred to. On the other hand, the statute involved in *State ex rel. Ake v. Kansas City* (1926), 221 Mo. App. 784, 288 S.W. 85, provided that *all* actions survive, with certain enumerated exceptions—*mandamus* not being listed. In *Cain v. Stucker* (1946), 159 Pa. Super. 466, 48 A.2d 162, a statute allowed recovery of damages in a *mandamus* action. Illinois has no comparable provision. Thus, the damages prayer in *Cain* was based upon a particular statutory provision and was thus not considered "incidental" to the action for reinstatement. The relevant statute in *Cain* also

differed from the Illinois scheme by apparently providing that all "personal actions" survive.

Plaintiff's attorney, in the supplemental brief, has asked that we allow the *mandamus* petition to be amended to state a cause of action in contract or quasi-contract, should we determine that plaintiff's *mandamus* complaint "is not appropriate." We are not, of course, holding that the complaint was inappropriate. Rather, we hold that the *mandamus* action abated at plaintiff's death.

■■ The desire to amend the petition into a complaint for breach of contract apparently rests upon the fact that contract actions survive a plaintiff's death. (*Parkway Bank & Trust Co. v. LeVine* (1977), 45 Ill. App. 3d 497, 359 N.E.2d 882.) The request to amend, however, lacks virtually every formal requirement of Supreme Court Rule 362 (73 Ill. 2d R. 362) which governs amendment of pleadings on appeal. We therefore deny the request to amend. *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465; *Pettit v. Pettit* (1978), 60 Ill. App. 3d 375, 376 N.E.2d 782.

The cause of action having abated, we deny the motion to substitute plaintiff's executor as plaintiff in this case.

Cause abated.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

Plaintiff, a tenured teacher, had been employed by the defendant as a speech therapist or constructionist for 18 continuous years. Because of a staff reduction necessitated by the failure of a tax referendum, the plaintiff was "honorably dismissed" at the end of the 1978-1979 school year. In other words, defendant terminated the plaintiff's teaching contract. Plaintiff alleged that her dismissal was wrongful because three nontenured teachers were hired in August 1978 to teach a reading program for which she—a tenured teacher—was legally qualified to teach. Under section 24—12 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—12), plaintiff contends that she should have been offered one of the teaching positions that were filled by the three nontenured teachers.

Plaintiff brought suit against defendant, asking to be reinstated to her livelihood, and to be reimbursed for the time that defendant wrongfully kept her from teaching. Probably not knowing when, if ever, she would resume teaching, plaintiff asked "for any and all actual and compensatory losses and damages occasioned by reason of the aforesaid actions and conduct of the defendant, * * *." Plaintiff also asked for $10,000 in punitive damages.

The legal vehicle the plaintiff's attorney chose to pursue the relief the plaintiff sought was a petition for writ of *mandamus*. The writ of *mandamus* was an appropriate choice because the plaintiff desired to be reinstated as a teacher. Consistent with modern pleading practices and the efficient practice of law, the plaintiff's attorney also prayed for damages as described above in the petition for writ of *mandamus*.

After losing at the trial level, the plaintiff appealed. Before we could hear her appeal, the plaintiff died. Obviously, we could no longer order the plaintiff to be reinstated. However, the majority also concluded that we cannot review the question of whether the plaintiff's estate was entitled to any damages even though it notes that contract actions survive a plaintiff's death. The majority justifies this result by concluding that plaintiff's prayer for damages was an "incidental matter," and, therefore, it "died with the plaintiff." Legally and logically, the majority opinion is incorrect, and it is not just. Therefore, I must dissent.

The majority considers *People ex rel. McPherson v. Western Life Indemnity Co.* (1914), 261 Ill. 513, 104 N.E. 219, as controlling. Even if this case had not preceded by decades the advent of modern civil procedure, it would still not control. In *McPherson*, the plaintiff's petition for *mandamus* asked that the defendant be required to accept his tendered premium payments—past, present, and in the future—on a previously issued insurance policy so that he could be restored to his membership and the policy would be effective. McPherson won at trial and the defendant appealed. During the appeal process, the plaintiff died. The supreme court found that the cause of action had abated because "[w]hen the relator in a *mandamus* proceeding is a private individual and is the real party in interest, death operates as an abatement of the action." (261 Ill. 513, 516, 104 N.E. 219, 220.) In other words, the court was not going to order the defendant to reeffectuate an insurance policy, a life policy at that, for a dead man.

Plaintiff's counsel argued that the court could compel the defendant "to accept and apply on the policy the payments of premium tendered to them before the death [of plaintiff]." (261 Ill. 513, 516, 104 N.E. 219, 220.) The court was not persuaded by this argument because "[t]he acceptance of this money was a *mere incident to restoring the original relator to his membership in the said insurance company and treating his policy as in force.*" (Emphasis added.) 261 Ill. 513, 516, 104 N.E. 219, 220.

The court was saying that it was not going to grant any relief that was tantamount to ordering the defendant to reeffectuate a dead man's insurance policy—irrespective of how the prayer for relief was worded. McPherson had brought a *mandamus* petition seeking to have the court order the defendant to accept his tendered payments and reeffectuate his insurance policy as long as he continued his premium payments. After

McPherson died, the court determined that it could not order the defendant to accept the premium payments tendered by McPherson prior to his death because this would be an "incident" of the relief originally sought. It was "incidental" in the sense that it was "the same" relief originally sought, *i.e.*, the reeffectuation of McPherson's insurance policy.

The plaintiff's claim for damages in this case was not "incidental" to her desire to be reinstated as a teacher in the sense the word was used in *McPherson*. Plaintiff's claim for damages obviously was not the same relief as a reinstatement order, and it could have been brought as a separate cause of action.

Moreover, *McPherson* was not concerned with the question of whether a claim for damages contained in a *mandamus* petition survived the death of the relator. Indeed, there was no claim for damages before the court in *McPherson*. For these reasons, *McPherson* should not control the outcome of this case.

Although the literal language and the facts of *McPherson* do not dictate the majority's holding, the majority probably reaches its result because the *McPherson* case was seemingly relying on an 1867 Maryland case, *Booze v. Humbird* (1867), 27 Md. 1, when it determined that the new claim was "incidental." *McPherson* summarized the holding of *Booze*:

> "The court held that the main object of the *mandamus* being to induct the petitioner into office, when that became impossible [death of relator] the right to the writ ceased and all its incidents fell with it, as the accessory follows the principal, and that it would not be proper to entertain the suit for a purpose entirely incidental." 261 Ill. 513, 516, 104 N.E. 219, 220.

Unfortunately, *McPherson* misread the holding of *Booze*. What *McPherson* took to be the holding in *Booze* was merely the contention of the appellee on appeal. What *Booze* actually held was that a claim for damages, including one contained in a *mandamus* petition, does not survive the death of the plaintiff unless the plaintiff was awarded damages by the trial court's judgment.

> "[U]nder the proceedings now conducted, on the traverse or demurrer to the answer, no claim to damages can arise until they are consummated a final judgment. There being no assets, there can be no proper personal representative to claim them in this stage of the cause." 27 Md. 1, 5.

Besides the fact that *McPherson* erroneously relies on an 1867 Maryland case, and the fact that *McPherson's* holding does not reach, let alone dictate, the majority's result here, there is another reason why *McPherson* should not be "followed," namely, the advent of modern pleading and civil procedure. The idea behind pleading is to provide

notice to the defendant of the plaintiff's claim so that defendant can defend. The common fabric of modern civil procedure is to put substance over form, not form over substance as the majority opinion does in this case.

Section 11 of the Mandamus Act (Ill. Rev. Stat. 1979, ch. 87, par. 11) reads:

> "The provisions of the Civil Practice Act as now or hereafter amended and the Supreme Court Rules now or hereafter adopted in relation to that Act shall apply to all proceedings hereunder, except as otherwise provided in this Act."

As this section of the Mandamus Act shows, the remedy is not to be frozen in time. Rather, the proceedings of a *mandamus* action are subject to the changes of the Civil Practice Act. Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq*.

Section 12 of the Mandamus Act (Ill. Rev. Stat. 1979, ch. 87, par. 12) reads:

> "Where relief is sought under this Act and the Court determines, on motion directed to the pleadings, or on motion for summary judgment or upon trial, that the plaintiff has pleaded or established facts which entitle him to relief but that he has sought the wrong remedy, the Court shall permit the pleadings to be amended, on just and reasonable terms, and the Court shall grant the relief to which plaintiff is entitled on the amended pleadings or upon the evidence. In considering whether a proposed amendment is just and reasonable, the Court shall consider the right of the defendant to assert additional defenses, to demand a trial by jury, to plead a counter-claim or third party complaint, and to order the plaintiff to take additional steps which were not required under the pleadings as previously filed."

Section 12 of the Mandamus Act, although addressed to trial procedure, is an explicit recognition that form should not rule over substance.

Here, plaintiff clearly asked to be reinstated as a teacher, *and* to receive damages for the time she was wrongfully kept from practicing her livelihood. There were no pleading defects at the trial level. In fact, defendant, not plaintiff, won at trial on the merits. On appeal, after plaintiff's death, the pleadings all of a sudden became defective—or, as the majority phrases it, the "cause abated." The majority concedes that a complaint for damages based on contract actions survive at plaintiff's death. But, even though the plaintiff's claim for damages here sound in contract, the majority determines that this claim does not survive solely because the claim was contained within a *mandamus* petition. Even if such a result had occurred in 1914, surely, in light of the reform that has

taken place in civil procedure since that time, such a formalistic result is no longer appropriate.

To add insult to injury, the majority also refuses to let the plaintiff's counsel amend what remains of the *mandamus* petition into a complaint sounding in contract because the request "lacks virtually every formal requirement of Supreme Court Rule 362 (73 Ill. 2d R. 362), * * *." First, Supreme Court Rule 362 does not dictate that we dismiss an informal request to amend with prejudice. I would not do so. Second, Supreme Court Rule 362 states in part:

> "(f) On Court's Own Motion. The reviewing court may, of its own motion, before or after submission of the case for decision, order amendment to be made." 73 Ill. 2d R. 362(f).

Given the facts of this case, I would not find that the prayer for damages abated with the rest of the *mandamus* petition. But if I did, I would order an amendment of the petition for writ of *mandamus* to be made so that a review of the plaintiff's claim for damages would not be thwarted by archaic notions of civil procedure.

Accordingly, I dissent.