THE STATE, EX REL. ELIAS, *v.* MAHONEY, DIR., ET AL.

(No. 6234—Decided August 2, 1960.)

*Messrs. Myers, Smith, Carroll & Wait,* for relator.
*Mr. Mark McElroy,* attorney general, *Mr. Walter M. Shea* and *Mr. Richard V. Patchen,* for respondents.

YOUNGER, P. J.   This is an action in mandamus originating in this court.   The relator avers that he was temporarily employed on August 7, 1957, and on August 28th, 1957, he was provisionally appointed to the position of Building Inspector in the Department of Industrial Relations of the state of Ohio; and that on May 27, 1958, he took and passed a civil service examination for the position and was thereafter duly certified on November 16, 1958.

The relator further alleges that on February 13, 1959, the respondent Margaret A. Mahoney unlawfully and wrongfully discharged him from the position of Building Inspector, 7525.2, in the Department of Industrial Relations, which position relator held and now claims the right to hold pursuant to his appointment, certification and qualification under the civil service law as prescribed by the Revised Code of Ohio.   He further claims that the aforesaid attempted discharge was motivated purely by political considerations and not by reason of relator's service having been unsatisfactory.

The prayer of the petition is that a writ of mandamus be issued commanding the respondents Carl Smith and Leland S. Dougan, as members of the Civil Service Commission, to set aside and nullify the illegal discharge and to certify his restoration in the records of the Civil Service Commission with all the privileges, prerogatives and emoluments thereunto belonging and with all the properties and rights of which he has been deprived.

At the hearing of this case the death of the relator was suggested as indicated by a death certificate attached thereto.   Thereupon motion was made by Vernon Elias, Administratrix of the estate of the relator, asking that this action be revived but permitting her to become a party relator and that the action proceed as revived.

Obviously there would be no point in ordering the relator reinstated to his position as Building Inspector in view of his death.

24

In the case of *State, ex rel. Tobin,* v. *Sweeney, Secy. of State,* 139 Ohio St., 625, the relator sought to compel his appointment as a member of the Board of Elections of Summit County but died before the action was heard. In a companion case members of the Democratic Executive Committee sought by writ of mandamus to compel the appointment of Tobin to the office aforesaid. The Supreme Court held

"* * * Subsequently the respondent filed motions to dismiss both petitions for the reasons that Tobin died after the proceedings were commenced; that his right of action, being personal to him, does not survive; that his action cannot proceed in the name of his personal representative; and that it is impossible to grant the relief sought in either proceeding.

"Both of the present proceedings abated with the death of Tobin and they are therefore dismissed upon the reasoning contained in the opinion in *State, ex rel. Ahrens,* v. *City of Cleveland,* 133 Ohio St., 423 * * *."

We therefore hold that the motion of the administratrix of the estate of the deceased relator, to be made party relator and that the case be revived is not well taken, should be overruled and the relator's petition dismissed at his costs.

*Motion overruled and cause dismissed.*

CRAWFORD and McLAUGHLIN, JJ., concur.

CRAWFORD, J., of the Second Appellate District, YOUNGER, J., of the Third Appellate District, and McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.